3:06CV-777-MH

# FORM FOR USE IN APPLICATIONS

## FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

RECEIVED

2006 AUG 29  A 10: 58

Gregory Montae Fergerson
_____
Name

231286/E-66
_____
Prison Number

Donaldson Correctional Facility
_____

100 Warrior Lane; Bessemer, AL 35203
_____
Place of Confinement

United States District Court for the Middle_____ District of _Alabama_____

Case No. _____
(To be supplied by Clerk of U. S. District Court)

Gregory Montae Fergerson
_____ , PETITIONER
(Full Name)   (Include name under which you were convicted)

Warden Kenneth Jones and the State of Alabama
_____ , RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF _Alabama_____

_____ , ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered.  If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

SCANNED KH

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is</u>:

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack ___Lee County Circuit Court; Opelika, AL___

2. Date of judgment of conviction ___November 10, 2003___

3. Length of sentence __Life w/o__ Sentencing Judge Jacob A. Walker

4. Nature of offense or offenses for which you were convicted: _____
   Capital Murder - Robbery
   _____
   _____

5. What was your plea?  (check one)
   (a) Not guilty  (  )
   (b) Guilty      ( X )
   (c) Nolo contendere  (  )
   If you entered a guilty plea to one count or indictment, and a not guilty
   plea to another count or indictment, give details: _____
   _____
   _____
   _____

6. Kind of trial:    (Check one)
   (a) Jury  (X )
   (b) Judge only  (  )

7. Did you testify at the trial?  Yes  ( x )    No  (  )

8. Did you appeal from the judgment of conviction?    Yes  ( x )    No  (  )

9. If you did appeal, answer the following:
   (a) Name of court  Alabama Court of Criminal Appeals
   (b) Result    Affirmed
   (c) Date of result  May 21, 2004
   If you filed a second appeal or filed a petition for certeorari in the Supreme
   Court, give details:  Writ denied by Alabama SUpreme Court on January
   14, 2005.
   _____
   _____

10. Other than a direct appeal from the judgment of conviction and sentence,
    have you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal?   Yes  ( x )    No  (  )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court  Lee County Circuit Court
        (2) Nature of proceeding  Rule 32, Alabama Rules of Criminal
            Procedure petition
        (3) Grounds raised  Involuntary Plea, ineffective assistance
            of counsel both trial and appellate.
            _____
            _____
            _____
            _____
            _____
        (4) Did you receive an evidentiary hearing on your petition, application
            or motion?  Yes  (  )    No  ( x )
        (5) Result  Denied
        (6) Date of result  February 7, 2006

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____
_____

(3) Grounds raised _____
_____
_____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?   Yes ( )    No ( )

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

(1) Name of Court _____

(2) Nature of proceeding _____
_____

(3) Grounds raised _____
_____
_____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?   Yes ( )    No ( )

(5) Result _____

(6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:

(1) First petition, etc.          Yes (x)    No ( )

(2) Second petition, etc.         Yes ( )    No ( )

(3) Third petition, etc.          Yes ( )    No ( )

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

12. State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.

>    CAUTION:  In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief.  If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them.  However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose.  Do not check any of the grounds listed below.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A.  Ground one: _____ SEE ATTACHED PAGES FOR ALL GROUNDS AND SUPPORTING FACTS.
_____

Supporting FACTS   (tell your story briefly without citing cases or law):
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____


B.  Ground two: _____

Supporting FACTS   (tell your story briefly without citing cases or law):
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____


C.  Ground three: _____

Supporting FACTS   (tell your story briefly without citing cases or law):
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

D.  Ground four: _____
_____

Supporting FACTS   (tell your story briefly without citing cases or law): _
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented
    in any other court, state or federal state briefly what grounds were not so
    presented, and give your reasons for not presenting them: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

14. Do you have any petition or appeal now pending in any court, wither state
    or federal, as to the judgment under attack?     Yes (  )  No  (X )

15. Give the name and address, if known, of each attorney who represented
    you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _____
    _____

    (b) At arraignment and plea  William Whatley, Shane Cooper, Wesley
        Schuessler

    (c) At trial   Whatley and Cooper _____
    _____

    (d) At sentencing  Whatley and Cooper _____

    (e) On appeal   Jeffrey G. Tickal _____
    _____

(f) In any post-conviction proceeding _____ pro se _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____
pro se _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( )    No (X )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No ( x )

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   _____

   (b) And give date and length of sentence to be served in the future: _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ( )    No ( )

   Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.


   _____
   Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _AUGUST  11 , 2006_.
                                                    (date)

   _Gregory M. Fergerson_
   Signature of Petitioner

### GROUNDS OF PETITION

**I. The petitioner was denied effective assistance of counsel in violation of the 6th and 14th amendments of the United States Constitution.**

**Case Authority: <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985).**

### SUPPORTING FACTS

The petitioner, Gregory Montae Fergerson ("Fergerson"), was indicted for capital murder-robbery by a Lee County, Alabama Grand Jury in 2001. On September 8, 2003, Fergerson pled guilty to the indictment and was subsequently sentenced to prison for a term of life without parole.

Initially, the circuit court appointed two attorneys to represent Fergerson: Shane Cooper and Wesley Schuessler. Both worked zealously preparing the case for trial. Schuessler subsequently withdrew, and the court appointed William Whatley in his place. This claim relates to the events that followed Whatley's appearance.

Fergerson was a "special education" student in school. Although he made it into the twelfth grade, he did not graduate. Fergerson always had problems reading and comprehending the meaning of words. A mental evaluation performed of Fergerson during the trial pretrial proceedings revealed that Fergerson was "mentally retarded". After Whatley began his representation of Fergerson, the defense shifted from preparing to go to trial to securing a guilty plea from Fergerson. Whatley and Cooper did not fully explain the nature of the charge, the minimum and maximum penalties, that his plea could be used against him during trial, or that by pleading guilty Fergerson was admitting to having the same intent to kill as his codefendant, Jamarian Thornton,

who Fergerson maintained was the actual triggerman.

Fergerson did not desire to enter a plea of guilty to capital murder. It was Fergerson's understanding that the murder and robbery elements of the charge of capital murder could be separated into two charges: murder and robbery. Fergerson thought he was pleading guilty to robbery, and that Jamarian Thornton was pleading guilty to murder. This confusion is reflected on the record and will become evident to this court once this case progresses.

Initially, the case was set for a plea based on Whatley's representations to the court that Fergerson was ready to plead guilty. On that date, Fergerson told the court that he was **not** ready to plead guilty. The case was continued to a later date . Whatley told Fergerson that everything was "set up" for the plea. Fergerson became confused about the proceedings, and Whatley told Fergerson that if he didn't understand the questions the judge would ask him then to just say "yes" to the questions during the plea colloquy. During the colloquy, Fergerson was obviously confused and stated several times that he was not guilty of the murder but was guilty of the robbery only. At Wahtley's coaching and coercion, Fergerson finally entered a plea of guilty to the charge of capital murder, although he did not understand that he had done so. Fergerson filed two pro se motions from his jail cell to withdraw his plea - both were denied.

Whether Whatley's misrepresentations were intentional or just a result of not wanting to bother with a trail, he did not represent Fergerson's interests in a professional manner. As a result, Fergerson was left without a knowledge of the nature and effect

of the charge.

Additionally, before the circuit court denied Fergerson's pro se motions to withdraw his plea a hearing was held. Whatley did not try to assist Fergerson by giving any grounds upon which the plea could be withdrawn. This was even more surprising because Whatley witnessed first hand the confusion of Fergerson as to the nature and effect of the charge during the plea colloquy.

**II. Plea of guilty was not entered knowingly, voluntarily with a correct understanding of the charge, the mandatory maximum and minimum sentence for the charge, constitutional rights waived by plea, and that the plea could be used against him at trial in violation of the 5th, 6th, and 14th amendments of the United States Constitution.**

**Case Authority:** Boykin v. Alabama, 395 U.S. 238 (1969); Henderson v. Morgan, 426 U.S. 637 (1976); North Carolina v. Alford, 400 U.S. 25 (1970).

### SUPPORTING FACTS

Based on the facts as developed in issue I above, because Fergerson was found to be mentally retarded, he had problems reading and comprehending, and because counsel misrepresented the true nature and effect of the charge and/or failed to adequately explain same to Fergerson by taking into account Fergerson's low I.Q., and because the transcript of the plea colloquy clearly shows Fergerson had no understanding of the charge, i.e., he thought he was pleading guilty to the robbery element of capital murder only, and because no where is it shown that Fergerson understood that by pleading guilty he was admitting that he had the same intent to kill as the actual shooter -

Fergerson's plea was not voluntary. In addition, Fergerson was not aware of the minimum and maximum penalties, that he was waiving his constitutional rights, or that even though he

was pleading guilty he was still subject to be found guilty

by a jury trial, at which his plea of guilt could be used against

him.

**III. Appellate counsel rendered ineffective assistance of counsel in violation of the 6th and 14th amendments of the United States Constitution.**

Jeffrey G. Tickal was appointed as appellate counsel. Using

the same factual basis as established in I and II above, Tickal

was ineffective for failing to (1) raise in a motion for new

trial, motion for judgment of acquittal or on appeal trial coun-

selor's ineffectiveness as argued above; (2) raise in a motion

for new trial or on appeal the voluntariness of Fergerson's

plea. The standard to apply here is Strickland v. Washington,

466 U.S. 668 (1984). Had counsel properly raised these claims

there is a reasonable probability that Fergerson would have

prevailed. Therefore, Fergerson was prejudiced by these errors.