IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA - EASTERN DIVISION

GREGORY MONTAE FERGERSON,        *

PETITIONER,                      *   CASE NO. 3:06-CV-777-MHT(WO)

VS.                              *

WARDEN KENNETH JONES, et.al.,    *

RESPONDENTS.                     *

PETITIONER'S REPLY TO RESPONSE OF RESPONDENTS

COMES NOW YOUR PETITIONER IN THE ABOVE-STYLED CAUSE AND PUR-SUANT TO THIS COURT'S ORDER OF NOVEMBER 21, 2006, SUBMITS THE FOLLOWING REPLY TO THE RESPONDENTS' RESPONSE FILED ON OCTOBER 18, 2006. IN SUPPORT THEREOF THE FOLLOWING IS SHOWN:

I. ADDITIONAL FACTS NECESSARY TO AN UNDERSTANDING OF THE ISSUES

1. AS ALLEGED IN THE RESPONSE, FERGERSON ALLEGEDLY ENTERED A PLEA TO CAPITAL MURDER ON SEPTEMBER 10, 2003. (RESPONSE, P. 3). HOWEVER, PRIOR TO THAT DATE, ON AUGUST 20, 2003, A HEARING WAS HELD AT WHICH FERGERSON INDICATED HIS DESIRE TO PLEAD GUILTY. THE COURT THEN SCHEDULED THE DATE OF SEPTEMBER 8, 2003, FOR FERGERSON TO ENTER HIS GUILTY PLEA. (RX-1 R100-105).[1] ON SEPTEMBER 8, 2003, FERGERSON APPEARED IN COURT, AND HIS ATTORNEY, MR. WHATLEY, INFORMED THE COURT THAT FERGERSON WAS READY TO ENTER A PLEA OF GUILTY TO CAPITAL MURDER. (RX-1 R106-110). HOWEVER, WHEN THE COURT QUESTIONED FERGERSON AS TO WHETHER HE   WANTED TO ENTER A PLEA OF GUILTY, FERGERSON INDICATED THAT HE DID NOT. (RX-1 R110). WHATLEY THEN INFORMED THE COURT THAT FERGERSON DID NOT WANT TO ENTER A GUILTY PLEA TO CAPITAL MURDER. WHATLEY

---

1- REFERENCES TO THE EXHIBITS OF RESPONDENTS ARE DESIGNATED HEREIN AS "RX".

/

STATED THAT HE WAS NOT PREPARED FOR TRIAL, AFTER ATTEMPTS TO
COERCE FERGERSON INTO GOING AHEAD WITH THE PLEA FAILED. (RX-
111-112).

2. WHATLEY, HOWEVER, CONTINUED TO PERSUADE FERGERSON TO PLEAD
GUILTY BY EXPLAINING THE NATURE OF THE CHARGE IN SUCH A WAY
TO WHERE FERGERSON, WHO WAS FOUND TO BE MENTALLY RETARDED UPON
A PRETRIAL MENTAL EVALUATION, THOUGHT THE MURDER/ROBBERY ELEMENTS
OF CAPITAL MURDER COULD BE SEGREGATED INTO SEPARATE OFFENSES.
FERGERSON MAINTAINED THAT HE WAS NOT GUILTY OF THE MURDER, BUT
WAS GUILTY OF THE ROBBERY. FERGERSON AGREED TO ENTER A GUILTY
PLEA. HOWEVER, HE THOUGHT HE WAS PLEADING GUILTY TO ROBBERY
ONLY. THIS CONVERSATION OCCURRED OUTSIDE THE PRESENCE OF THE
COURT. ON THE SAME DAY THAT FERGERSON STATED ON RECORD THAT
HE DID NOT WANT TO ENTER A GUILTY PLEA TO CAPITAL MURDER, SEPTEM-
BER 8, 2003, FERGERSON APPEARED AGAIN BEFORE THE COURT, THIS
TIME ALLEGEDLY TO ENTER A GUILTY PLEA TO CAPITAL MURDER. ALTHOUGH
FERGERSON WAS CONFUSED ABOUT THE PROCEEDINGS, WHATLEY HAD IN-
STRUCTED HIM TO "JUST SAY 'YES'" TO EVERY QUESTION DURING THE
PLEA COLLOQUY.

3. ALTHOUGH LENGTHY, THE RELEVANT PORTION OF THE PLEA COLLOQUY
WILL BE QUOTED HERE BECAUSE IT IS ESSENTIAL TO AN UNDERSTANDING
OF THE ISSUES AT HAND. AFTER READING THE INDICTMENT TO FERGERSON,
THE FOLLOWING TRANSPIRED:

"THE COURT ... NOW, HAS THAT CHARGE BEEN EXPLAINED TO YOU
BY YOUR LAWYERS?

MR. FERGERSON: YES, SIR.

THE COURT: DO YOU HAVE ANY QUESTIONS ABOUT IT?

MR. FERGERSON: NO, SIR.

THE COURT: DO YOU WANT ME TO READ THAT INDICTMENT TO YOU AGAIN?

MR. FERGERSON: NO, SIR.

THE COURT: DO YOU UNDERSTAND THE RANGE OF PUNISHMENTS IN THESE -- IN THIS CASE?

MR. FERGERSON: YES, SIR.

THE COURT: AND I UNDERSTAND, MR. ABBETT, JUST FOR THE REC-ORD, THE RECOMMENDED SENTENCE WOULD BE LIFE IN PRISON WITH-OUT THE POSSIBILITY OF PAROLE. IS THAT CORRECT?

MR. ABBETT: YES, SIR.

THE COURT: ALL RIGHT. NOW, HAVE YOU DISCUSSED THE FACTS AND YOU INVOLVEMENT IN THIS CASE WITH YOUR LAWYERS?

MR. FERGERSON: INVOLVEMENT?

THE COURT: RIGHT. HAVE YOU TALKED TO YOUR LAWYERS ABOUT THIS CASE?

MR. WHATLEY: HAVE YOU MET WITH US TO TALK TO US ABOUT THE FACTS OF THIS CASE?

MR. FERGERSON: YES, SIR.

THE COURT: OKAY. AND **DID YOU COMMIT THE OFFENSE OF CAPITAL MURDER?**

MR. FERGERSON: WELL, THE ROBBERY, YES, SIR, **BUT THE MURDER, NO, SIR.**

MR. ABBETT: I DIDN'T HEAR WHAT HE SAID.

MR. GLANZER: THE ROBBERY, YES.

MR. FERGERSON: I **PARTICIPATED IN THE ROBBERY, BUT I DIDN'T PULL THE TRIGGER.**

THE COURT: WELL, THAT -- THAT'S NOT THE QUESTION. DID YOU COMMIT THE OFFENSE OF CAPITAL MURDER?

MR. FERGERSON: YES, SIR.

"...

THE COURT: AND ARE YOU PLEADING GUILTY OF YOUR OWN FREE WILL AND BECAUSE YOU ARE GUILTY?

MR. FERGERSON: I **AM NOT GUILTY OF THE MURDER, NO, SIR.**

MR. WHATLEY: IT'S A CAPITAL MURDER. YOU ARE PLEADING TO

CAPITAL MURDER. **NOT ASKING TO MURDER.**

"MR. FERGERSON: YES, SIR.

THE COURT: AGAIN, I'M GOING TO ASK YOU AGAIN: ARE YOU PLEAD-
ING GUILTY OF YOUR OWN FREE WILL AND BECAUSE YOU ARE GUILTY?

MR. FERGERSON: YES, SIR.

"...

THE COURT: AND AT THIS POINT I THINK WE SOULD  WAIT UNTIL
WE RECEIVE THE VERDICT FROM THE JURY. AND AT THIS TIME
I AM NOT GOING TO ASK THE ALLOCUTION, BUT I WILL ASK YOU
AGAIN, MR. FERGERSON, **TO THE CHARGE OF CAPITAL MURDER,
HOW DO YOU PLEAD?**

MR. FERGERSON: **I PLEAD GUILTY TO THE ROBBERY, SIR.**

MR. WHATLEY: GUILTY TO --

THE COURT: WELL, THAT'S NOT THE CHARGE. THE CHARGE ISN'T
ROBBERY. **TO THE CHARGE OF CAPITAL MURDER, HOW DO YOU PLEAD?**

MR. FERGERSON: **I THOUGHT THE CHARGE WAS MURDER AND ROBBERY.**

THE COURT: **IT IS.** IT'S MURDER -- ITS A MURDER TAKING PLACE
DURING THE COURSE OF A ROBBERY. THAT -- THAT WOULD BE THE DEFIN-
ITION OF CAPITAL MURDER IN YOUR CASE.

(FERGERSON'S NOTE: THERE WAS NO EXPLANATION AS TO THE ELE-
MENT OF "INTENT" TO KILL GIVEN IN THIS DEFINITION)

MR. FERGERSON: I PLEAD GUILTY TO IT."

(RX-1 R122-127).(EMPHASIS ADDED).

### II. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS
### ARE NOT PROCEDURALLY DEFAULTED IN STATE COURT

4. THE RESPONDENTS ARGUE THAT FERGERSON'S CLAIM THAT HIS TRIAL

COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADVISE

HIM THAT BY PLEADING GUILTY HE WAS ADMITTING TO HAVING THE SAME

INTENT TO KILL AS HIS CODEFENDANT, WHO FERGERSON MAINTAINED

WAS THE TRIGGER-MAN, IS PROCEDURALLY DEFAULTED BECAUSE IT WAS

NOT RAISED IN THE STATE COURTS. (RESPONSE, P. 21). HOWEVER,

FERGERSON CLAIMED IN HIS POST-CONVICTION PETITION FILED IN STATE

COURT:

" THE PETITIONER WAS A SPECIAL EDUCATION STUDENT WHILE

4

IN SCHOOL. HE HAS TROUBLE READING AND COMPREHENDING THE MEANING IF WORDS. ALTHOUGH THE PETITIONER MADE IT TO THE TWELFTH GRADE HE DID NOT GRADUATE. AFTER WHATLEY CAME ON BOARD, THE DEFENSE SHIFTED FROM PREPARING TO GO TO TRIAL TO SECURING A GUILTY PLEA FROM THE PETITIONER. WHATLEY AND COOPER **DID NOT FULLY EXPLAIN THE NATURE OF THE CHARGE TO THE PETITIONER...**

"THE PETITIONER DID NOT DESIRE TO ENTER A PLEA OF GUILTY TO CAPITAL MURDER. IT WAS THE PETITIONER'S UNDERSTANDING OF THE AGREEMENT THAT HIS ACCOMPLICE, JAMARIAN THORNTON, WAS PLEADING GUILTY TO MURDER, AND [FERGERSON] **WAS PLEADING GUILTY TO ROBBERY.**"

(RX-5 C17). IT IS CLEAR FROM THE ABOVE THAT FERGERSON'S CLAIM

THAT HIS COUNSEL FAILED TO FULLY EXPLAIN THE NATURE OF THE CHARGE

WHICH LEFT HIM WITH THE UNDERSTANDING THAT HE WAS ADMITTING

GUILTY TO THE ROBBERY ELEMENT ONLY SHOWED HE HAD NO UNDERSTANDING

THAT INTENT TO KILL WAS AN ELEMENT OF CAPITAL MURDER. SEE ARTHUR

V. STATE, 711 So.2d 1031, 1057-58 (ALA.CRIM.APP. 1996)("NO DE-

FENDANT IS GUILTY OF A CAPITAL OFFENSE **UNLESS HE HAD AN INTENT**

**TO KILL...** HOWEVER, A NON-TRIGGERMAN CAN BE CONVICTED OF A CAP-

ITAL OFFENSE **IF HE WAS A KNOWING ACCOMPLICE TO THE INTENTIONAL**

**KILLING ITSELF....** THE ACCOMPLICE LIABILITY DOCTRINE MAY BE

USED TO CONVICT A NON-TRIGGERMAN ACCOMPLICE, IF, BUT ONLY IF,

THE DEFENDANT WAS **AN ACCOMPLICE IN THE INTENTIONAL KILLING AS**

**OPPOSED TO BEING AN ACCOMPLICE MERELY IN THE UNDERLYING FELONY.**")

5. BASED ON THE ABOVE, THIS CLAIM WAS RAISED IN STATE COURT

AND IS NOT PROCEDURALLY DEFAULTED.[2]

6. RESPONDENTS NEXT ARGUE THAT FERGERSON'S CLAIM THAT WHATLEY

COERCED HIM TO PLEAD GUILTY THROUGH MISREPRESENTATIONS WAS FOUND

TO BE PRECLUDED IN STATE COURT FOR BEING INSUFFICIENTLY PLEADED.

---

2- IT SHOULD BE NOTED THAT THE STATE COURT OF APPEALS REVIEWED THIS SAME CLAIM, WHICH FERGERSON RAISED ON APPEAL FROM THE DENIAL OF HIS POST-CONVICTION PETITION, AND DID NOT HOLD IT WAS NOT PROPERLY BEFORE THEM. THUS, THE CLAIM WAS RAISED IN STATE COURT. (RX-7 P. 5-6).

THE RESPONDENTS THUS ARGUE THAT BECAUSE THE COURT OF LAST RESORT
CLEARLY AND EXPRESSLY STATED THAT ITS JUDGMENT RESTED ON A PRO-
CEDURAL BAR, THE CLAIM IS PROCEDURALLY BARRED IN THIS COURT.[3]

7. THE QUESTION NOW BEFORE THIS COURT IS DID THE STATE COURT
**CORRECTLY** APPLY A PROCEDURAL DEFAULT PRINCIPLE OF STATE LAW.
MEAGHER V. DUGGER, 861 F.2d 1242, 1245 (11th Cir. 1988)(CITING
RATCLIFF V. ESTELLE, 597 F.2d 474, 478 (5th Cir.), CERT. DENIED,
444 U.S. 868 (1979)).

8. THIS COURT MUST NOW DETERMINE WHETHER THE STATE COURT COR-
RECTLY FOUND FERGERSON HAD NOT PLEADED SUFFICIENT FACTS TO SUP-
PORT HIS CLAIM AND TO SATISFY HIS BURDEN OF PLEADING PURSUANT
TO RULE 32.2, A.R.CRIM.P. IN FORD V. STATE, 831 So.2d 641 (ALA.
CRIM.APP. 2001), THE STATE COURT REVIEWED A CLAIM IN WHICH AN
APPELLANT CLAIMED HIS GUILTY PLEA WAS INVOLUNTARY BECAUSE HIS
TRIAL COUNSEL TOLD HIM HE WOULD RECEIVE A SPLIT SENTENCE IF
HE PLEADED GUILTY. THAT COURT STATED:

> " IN EX PARTE BLACKMON, THE APPELLANT WAS GIVEN THE OPPORT-
> UNITY TO PRESENT TESTIMONY FROM HIS COUNSEL TO SUPPORT
> HIS CLAIM, AND HE FAILED TO DO SO. IN THIS CASE, HOWEVER,
> FORD WAS NOT GIVEN THAT OPPORTUNITY. CONTRARY TO THE STATE'S
> ASSERTION ... **AT THE PLEADING STAGE OF RULE 32 PROCEEDINGS,
> A RULE 32 PETITIONER DOES NOT HAVE THE BURDEN OF PROVING
> HIS CLAIMS BY A PREPONDERANCE OF THE EVIDENCE.** RATHER,
> AT THE PLEADING STAGE, A PETITIONER MUST PROVIDE ONLY **'A
> CLEAR AND SPECIFIC STATEMENT OF THE GROUNDS UPON WHICH
> RELIEF IS SOUGHT'...** ONCE A PETITIONER HAS SATISFIED HIS

---

3- THE LAST COURT RENDERING A JUDGMENT IN THIS CASE WAS THE
SUPREME COURT OF ALABAMA. THAT COURT DID NOT ISSUE AN OPINION
AND THEREFORE DID NOT "CLEARLY AND EXPRESSLY" STATE THAT ITS
JUDGMENT RESTED ON A PROCEDURAL BAR. BAILEY V. NAGLE, 172 F.3d
1299, 1304 (11th Cir. 1999). THEREFORE, THERE IS SOME QUESTION
AS TO WHETHER OR NOT THE SUPREME COURT'S "NO OPINION" JUDGMENT
BARS THIS COURT FROM REVIEWING THIS CLAIM, AS THE LAST STATE
COURT ENTERING JUDGMENT DID NOT RELY ON A PROCEDURAL BAR.

BURDEN OF PLEADING SO AS TO AVOID SUMMARY DISPOSITION ...
HE IS THEN ENTITLED TO AN OPPORTUNITY TO PRESENT EVIDENCE
TO SATISFY HIS BURDEN OF PROOF. **HERE, FORD SATISFIED HIS
BURDEN OF PLEADING. HOWEVER, HE WAS NOT AFFORDED AN OPPORT-
UNITY TO PRESENT EVIDENCE TO PROVE HIS CLAIM THAT HIS COUNSEL
HAD MISINFORMED HIM ABOUT THE SENTENCE THAT HE WOULD RE-
CEIVE.** ABSENT THE OPPORTUNITY TO PROVE HIS CLAIM, WE CANNOT
SAY THAT THE GUILTY-PLEA COLLOQUY AND THE IRELAND FORM
WERE SUFFICIENT TO REFUTE FORD'S CLAIM."

at 644. (EMPHASIS ADDED).

9. IN FERGERSON'S RULE 32 PETITION FILED IN THE CIRCUIT COURT,
FERGERSON CLAIMED: THAT FERGERSON WAS A "SPECIAL EDUCATION"
STUDENT WHILE IN SCHOOL, THAT HE HAD      READING AND COMPREHEN-
SION PROBLEMS, THAT PRIOR TO WHATLEY'S APPEARANCE AS COUNSEL,
FERGERSON DID NOT DESIRE TO PLEAD GUILTY AND HIS ATTORNEYS WERE
WORKING ZEALOUSLY PREPARING FOR TRIAL, THAT AFTER WHATLEY'S
APPEARANCE THE DEFENSE SHIFTED FROM PREPARING FOR TRIAL TO SECUR-
ING A GUILTY PLEA, THAT HIS COUNSELORS DID NOT FULLY EXPLAIN
THE NATURE OF THE CHARGE, THAT IT WAS FERGERSON'S UNDERSTANDING
OF THE PLEA AGREEMENT ARRANGED BY WHATLEY THAT HE WOULD BE PLEAD-
ING GUILTY TO THE ROBBERY ELEMENT OF CAPITAL MURDER ONLY, AND
HIS CODEFENDANT, JAMARIAN THORNTON, WOULD BE PLEADING GUILTY
TO THE ACTUAL MURDER, AND THAT WHATLEY TOLD HIM TO "JUST SAY
'YES'" TO THE COURT'S QUESTIONS DURING THE PLEA COLLOQUY, THAT
WHEN FERGERSON SAID HE DID NOT WANT TO PLEAD GUILTY TO CAPITAL
MURDER WHATLEY TOLD HIM THAT THE COURT KNEW THAT THORNTON WAS
THE TRIGGER-MAN, AND THAT FERGERSON WOULD ONLY BE HELD ACCOUNT-
ABLE FOR THE ROBBERY. FERGERSON ALSO ALLEGED THAT WHATLEY'S
PERFORMANCE WAS CONSTITUTIONALLY DEFICIENT BASED ON HILL V.
LOCKHART, 474 U.S. 52, 56, 59 (1985)(COUNSEL'S ASSITANCE WAS
NOT "WITHIN THE RANGE OF COMPETENCE DEMANDING OF ATTORNEYS IN
CRIMINAL CASES" AND A REASONABLE PROBABILITY EXISTED THAT HE

7

WOULD NOT HAVE PLEADED GUILTY HAD HIS COUNSEL BEEN COMPETENT).
(RX-5 C17-19).

10. BASED ON FORD, supra, FERGERSON'S CLAIM WAS SUFFICIENLTY
PLEADED AT THE INITIAL PLEADING STAGE OF HIS POSTCONVICTION
RULE 32 PETITION, AND FERGERSON WAS "ENTITLED TO AN OPPORTUNITY
TO PRESENT EVIDENCE TO SATISFY HIS BURDEN OF PROOF." at 644.

11. BECAUSE THE STATE COURT DID NOT **CORRECTLY** APPLY THE PROCED-
URAL DEFAULT IN THIS CASE, THIS COURT IS NOT BARRED FROM REVIEW-
ING THE CLAIM. MEAGHER, supra.

### III. MERITS OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

### (A.) FAILURE TO EXPLAIN NATURE AND EFFECT OF CHARGE

12. FERGERSON'S CLAIM THAT HIS TRIAL COUNSEL RENDERED INEFFECT-
ASSISTANCE BY FAILING TO PROPERLY EXPLAIN THE NATURE AND EFFECT
OF THE CHARGE, SPECIFICALLY REGARDING THE INTENT TO KILL ELEMENT
OF CAPITAL MURDER, WAS ADJUDICATED ON ITS MERITS IN STATE COURT.
ALTHOUGH THE TRIAL COURT DID NOT HOLD AN EVIDENTIARY HEARING
ON THIS CLAIM WHEN FERGERSON RAISED IT IN HIS POST-CONVICTION
PETITION, THE LAST COURT TO ISSUE A WRITTEN OPINION BASED ITS
JUDGMENT UPON THE RECORD. (RX-7, P.6). HOWEVER, THAT DECISION
WAS "CONTRARY TO, OR INVOLVED AN UNREASONABLE APPLICATION OF,
CLEARLY ESTABLISHED FEDERAL LAW, AS DETERMINED BY THE UNITED
STATES SUPREME COURT" AND "WAS BASED ON AN UNREASONABLE DETERMIN-
ATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE
STATE COURT PROCEEDINGS." 28 U.S.C. §2254(d)(1),(2).

13. THE SUPREME COURT HAS ESTABLISHED THAT "A PLEA MAY BE
INVOLUNTARY EITHER BECAUSE THE ACCUSED DOES NOT UNDERSTAND THE
NATURE OF THE CONSTITUTIONAL PROTECTIONS THAT HE IS WAIVING,...
JOHNSON V. ZERBST, 304 U.S. 458, 464-465...(1938), OR BECAUSE

HE HAS SUCH AN **INCOMPLETE UNDERSTANDING OF THE CHARGE THAT HIS PLEA OF GUILT CANNOT STAND AS AN INTELLIGENT ADMISSION OF GUILT. WITHOUT ADEQUATE NOTICE OF THE CHARGE, OR PROOF THAT HE IN FACT UNDERSTOOD THE CHARGE, THE PLEA CANNOT BE VOLUNTARY IN THIS LATTER SENSE.** SMITH V. O'GRADY, 312 U.S. 329 ... (1941)." UNITED STATES V. BROWN, 117 F.3d 471, 476 (11th CIR. 1997). (EMPHASIS ADDED).

14. "A DEFENDANT DOES NOT RECEIVE 'REAL NOTICE' OF THE NATURE OF THE CHARGE AGAINST HIM **UNLESS HE IS INFORMED OF THE ELEMENTS OF THE CHARGED OFFENSE."** THIS IS SO BECAUSE A PLEA OF GUILTY IS AN ADMISSION AS TO EACH AND EVERY ELEMENT OF THE OFFENSE. BROWN, at 476.

15. THE STATE COURT RELIED UPON FERGERSON'S POSITIVE AFFIRM-ATIONS THAT DURING THE PLEA COLLOQUY THAT HIS COUNSELORS HAD INFORMED HIM AS TO THE NATURE AND EFFECT OF THE CHARGES. (RX-7, P. 6). WHICH, THEY SAID, INDICATED FERGERSON WAS PROPERLY INFORMED. HOWEVER, FERGERSON'S OTHER CLAIM OF INEFFECTIVE COUN-SEL, WHICH WILL BE ADDRESSED BELOW, WAS THAT HIS ATTORNEY HAD ADVISED HIM TO "JUST SAY 'YES'" TO ALL THE COURT'S QUESTIONS DURING THE PLEA COLLOQUY AS TO WHETHER HE UNDERSTOOD THE CHARGE AND WHETHER HIS ATTORNEYS HAD FULLY EXPLAINED THE CHARGE. THE PORTION OF THE COLLOQUY QUOTED AT THE BEGINNING OF THIS REPLY CLEARLY SHOWS FERGERSON HAD NO UNDERSTANDING OF THE CHARGE, EVEN THOUGH HE HAD INITIALLY INDICATED "YES" HE DID UNDERSTAND THE CHARGE. THE PLEA COLLOQUY ITSELF IS PERHAPS THE MOST DAMAGING PIECE OF EVIDENCE IN THE RECORD AGAINST THE STATE COURT'S DECIS-ION.

16. FERGERSON ARGUED IN STATE COURT, WHICH HE REITERATED IN

THE PRESENT HABEAS PETITION, THAT HIS ATTORNEY, WHATLEY, EXPLAIN-
ED THE CHARGE IN SUCH A WAY THAT IT WAS FERGERSON'S UNDERSTANDING
THAT THE ROBBERY AND MURDER ELEMENTS OF THE CAPITAL CHARGE COULD
BE SEGREGATED AND THAT HE WAS ONLY PLEADING GUILTY TO THE ROBBERY
ELEMENT OF THE CHARGE. (RX-5 C17). THIS CLAIM IS SUPPORTED IN
THE PLEA COLLOQUY, WHERE FERGERSON STATED: "I THOUGHT THE CHARGE
WAS MURDER **AND ROBBERY.**" TO WHICH THE COURT RESPONDED: "**IT IS.**
...IT'S A MURDER TAKING PLACE DURING THE COURSE OF THE ROBBERY.
...**THAT WOULD BE THE DEFINITION OF CAPITAL MURDER IN YOUR CASE.**"
(RX-1 R126, L20-25)(EMPHASIS ADDED).

17. IT IS ALSO WORTHY TO NOTE THAT UNDER ALABAMA'S LAWS ROBBERY
AND MURDER ARE PROPERLY LESSER INCLUDED OFFENSES OF THE GREATER
OFFENSE. SEE §13A-5-41, <u>CODE OF ALA</u>. ("SUBJECT TO THE PROVISIONS
OF SECTION 13A-1-9(b), THE JURY MAY FIND A DEFENDANT INDICTED
FOR A CRIME DEFINED IN SECTION 15A-5-40(a)(THE CAPITAL MURDER
STATUTE) NOT GUILTY OF THE CAPITAL OFFENSE BUT GUILTY OF A LESSER
INCLUDED OFFENSE OR OFFENSES. LESSER INCLUDED OFFENSES SHALL
BE DEFINED AS PROVIDED IN SECTION 13A-1-9(a), AND **WHEN THERE
IS A RATIONAL BASIS FOR SUCH A VERDICT, INCLUDE BUT ARE NOT
LIMITED TO, MURDER AS DEFINED IN SECTION 13A-6-2(a), AND THE
ACCOMPANYING OTHER FELONY, IF ANY, IN THE PROVISION OF SECTION
13A-5-40(a) UPON WHICH THE INDICTMENT IS BASED.**" (EMPHASIS ADDED)

18. FERGERSON'S UNDERSTANDING OF THE CHARGE WAS IN LINE WITH
THE PROVISION FOR LESSER INCLUDED OFFENSES, AND HIS ACCOMPANYING
OTHER FELONY WAS ROBBERY. THEREFORE, HIS BELIEF THAT THE CHARGE
WAS MURDER AND ROBBERY WAS A CORRECT STATEMENT OF LAW IF HE
WAS PLEADING GUILTY TO A LESSER INCLUDED OFFENSE. APPARENTLY,
THAT IS WHAT HE THOUGHT HE WAS DOING.

19. MOREOVER, NO WHERE IN THE ENTIRE COLLOQUY DID THE COURT
OR FERGERSON'S TRIAL ATTORNEY EXPLAIN FULLY THE ELEMENT OF INTENT
TO KILL NEEDED TO SUPPORT A CONVICTION OF CAPITAL MURDER, NOR
IS IT SHOWN THAT FERGERSON CLEARLY UNDERSTOOD THAT HE WAS PLEAD-
ING GUILTY TO MURDER AND THAT HE WAS ADMITTING TO HAVING THE
SAME INTENT TO KILL AS HIS CODEFENDANT, WHO FERGERSON MAINTAINED
WAS THE ACTUAL TRIGGER-MAN.

20. PERHAPS WHAT HAS THE MOST SIGNIFICANCE IN ASSISTING THIS
COURT IN DETERMINING WHETHER OR NOT FERGERSON'S ATTORNEYS FULLY
AND ADEQUATELY EXPLAINED THE CHARGE TO FERGERSON WAS FERGERSON'S
MENTAL STATE. PRIOR TO THE ENTRY OF THE GUILTY PLEA, FERGERSON
WAS GIVEN A MENTAL EVALUATION. THE EVALUATOR FOUND FERGERSON
WAS "LIKELY FUNCTIONING IN THE MENTAL RETARDATION RANGE." HE
ALSO FOUND THAT DUE TO THAT FACT FERGERSON MAY HAVE HAD "AN
INABILITY TO VOLUNTARILY AND INTELLIGENTLY WAIVE OR EXECUTE
HIS MIRANDA RIGHTS AT [THE TIME OF HIS ARREST]." NONETHELESS,
THE EVALUATOR RECOMMENDED THAT FERGERSON BE ALLOWED TO PROCEED
TO TRIAL BUT STATED "THE DETERMINATION OF A DEFENDANT'S COMPET-
ENCY TO STAND TRIAL AND MENTAL STATE AT THE TIME OF AN ALLEGED
OFFENSE ARE PROPERLY MATTERS FOR THE COURT TO DECIDE. THEREFORE,
THE OPINIONS GIVEN IN THIS REPORT WITH REGARD TO THESE ISSUES
ARE OF AN **ADVISORY NATURE ONLY**." (RX-1 C132).

21. THE SUPREME COURT REVIEWED A SIMILAR CASE IN HENDERSON
MORGAN, 426 U.S. 637 (1976), IN WHICH THE DEFENDANT WAS MENTALLY
RETARDED AND CHARGED WITH MURDER. DURING THE COLLOQUY THE DE-
FENDANT ADMITTED THAT HIS PLEA WAS BASED ON THE ADVICE OF HIS
ATTORNEYS, THAT HE WAS ACCUSED OF KILLING THE VICTIM, HOWEVER,
THERE WAS NO DISCUSSION OF THE ELEMENTS OF SECOND-DEGREE MURDER,
OR THE REQUIREMENT OF INTENT TO CAUSE THE DEATH OF THE VICTIM.

at 642. THE SUPREME COURT FOUND THE PLEA TO BE INVOLUNTARILY
AND STATED "RESPONDENT'S UNUSUALLY LOW MENTAL CAPACITY PROVIDES
A REASONABLE EXPLANATION FOR COUNSEL'S OVERSIGHT (IN FAILING
TO ADEQUATELY EXPLAIN THE CHARGE). **IT ALSO FORECLOSES THE CON-
CLUSION THAT THE ERROR WAS HARMLESS BEYOND A REASONABLE DOUBT.**"
at 647.

22. HENDERSON IS VIRTUALLY INDISTINGUISHABLE FROM THE PRESENT
CASE. THE ONLY EXCEPTION BEING THAT FERGERSON ANSWERED IN THE
AFFIRMATIVE, I.E., "YES", TO ALL THE COURT'S QUESTIONS AS TO
WHETHER HIS COUNSEL HAD EXPLAINED THE CHARGE AND THAT HE UNDER-
STOOD THE CHARGE, WHICH WAS THE WAY FERGERSON WAS INSTRUCTED
BY HIS ATTORNEY. BUT, THE COLLOQUY BEFORE THIS COURT CLEARLY
SHOWS THAT FERGERSON HAD "SUCH AN INCOMPLETE UNDERSTANDING OF
THE CHARGE THAT HIS PLEA OF GUILT CANNOT STAND AS AN INTELLIGENT
ADMISSION OF GUILT" NOR DURING THE COLLOQUY WAS "INFORMED OF
THE ELEMENTS OF THE CHARGED OFFENSE", ESPECIALLY REGARDING THE
INTENT TO KILL ELEMENT OF CAPITAL MURDER. BROWN, at 476.

23. BASED ON THE ABOVE, THE STATE COURT'S DECISION IS CONTRARY
TO OR AN UNREASONABLE APPLICATION OF FEDERAL LAW AS ESTABLISHED
IN THE SUPREME COURT CASES CITED ABOVE AND/OR WAS AN UNREASONABLE
DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED
IN STATE COURT.

### B. FAILURE TO EXPLAIN MINIMUM AND MAXIMUM PENALTIES

24. THE RESPONDENTS ARGUE THAT FERGERSON'S CLAIM THAT HIS
COUNSELORS FAILED TO ADVISE HIM OF THE MINIMUM AND MAXIMUM PENAL-
TIES FOR CAPITAL MURDER WAS CORRECTLY DECIDED BY THE COURT OF
CRIMINAL APPEALS. THAT COURT'S DECISION RESTED ON THE FACT THAT
FERGERSON PLEADED GUILTY PURSUANT TO A PLEA AGREEMENT, AND ONLY
ONE PUNISHMENT WAS AVAILABLE -- LIFE WITHOUT PAROLE. HOWEVER,

IT IS CLEAR FROM THE COLLOQUY THAT FERGERSON DID NOT UNDERSTAND THAT HE WAS PLEADING GUILTY TO MURDER, THEREFORE HE DID NOT UNDERSTAND THE TERMS OF THE PLEA AGREEMENT, WHICH INCLUDED THE RANGE OF PUNISHMENT.

25. THE RESPONDENTS ALSO ARGUE THAT FERGERSON HAS NEVER CLAIMED THE IMPOSITION OF HIS SENTENCE OF LIFE WITHOUT PAROLE WAS A GROUND UPON WHICH SUPPORTED HIS INVOLUNTARY PLEA CLAIM. THE STATE COURT RECOGNIZED THAT FERGERSON DID MAKE THIS CLAIM AND ADDRESSED THE MERITS, ALTHOUGH WITHOUT A HEARING. (RX-7, P.5-6).

C. **FAILURE TO ADVISE THAT PLEA COULD BE USED AGAINST HIM AT TRIAL**

26. RESPONDENTS ARGUE THAT FERGERSON'S CLAIM THAT HIS TRIAL COUNSELOR FAILED TO INFORM HIM THAT HIS PLEA COULD BE USED AGAINST HIM AT THE SUBSEQUENT TRIAL WAS CORRECTLY DECIDED BY THE STATE COURT. THEY ARGUE THE RECORD SHOWS FERGERSON WAS AD-VISED. WHILE THE RECORD DOES SHOW THAT THE COURT ASKED FERGERSON IF HE DESIRED TO ENTER A GUILTY PLEA TO CAPITAL MURDER IN EX-CHANGE FOR A SENTENCE OF LIFE WITHOUT PAROLE, TO WHICH FERGERSON STATED "YES", FERGERSON ALSO CLAIMED HIS ATTORNEY HAD TOLD HIM TO SAY "YES" EVEN IF HE WAS CONFUSED OR DID NOT TRULY UNDERSTAND. (RX-1 R102).

27. FURTHER, THE SUBSEQUENT COLLOQUY CLEARLY SHOWS FEGERSON THOUGHT HE WAS PLEADING GUILTY TO ROBBERY ONLY. NO SUBSEQUENT TRIAL WOULD HAVE THEREFORE BEEN NEEDED, AS IT WOULD BE IN A CAPITAL GUILTY PLEA.

28. MOREOVER, FERGERSON WAS FOUND TO BE MENTALLY RETARDED AND THIS WAS A COMPLEX CASE, INVOLVING COMPLEX DEFINITIONS AND EXPLANATIONS. THEREFORE, "[FERGERSON'S] LOW MENTAL CAPACITY PROVIDES A REASONABLE EXPLANATION FOR COUNSELOR'S OVERSIGHT

IT ALSO FORECLOSES THE CONCLUSION THAT THE ERROR WAS HARMLESS
BEYOND A REASONABLE DOUBT." HENDERSON, at 647.

### D. COERCION OF GUILTY PLEA

29. THE RESPONDENTS ARGUE THAT THE STATE COURT CORRECTLY FOUND
THAT FERGERSON'S CLAIM THAT HIS TRIAL COUNSEL COERCED HIM INTO
PLEADING GUILTY WAS PRECLUDED FROM REVIEW AS INSUFFICIENTLY
PLED. THIS CLAIM HAS BEEN ADEQUATELY REFUTED IN II, ABOVE 4-
11. THE STATE COURT INCORRECTLY FOUND THE CLAIM WAS PRECLUDED.

30. MOREOVER, THE FACT THAT FERGERSON DID NOT RAISE THIS CLAIM
IN HIS PRO SE MOTION TO WITHDRAW HIS GUILTY PLEA DOES NOT NEGATE
THIS CLAIM. FERGERSON FOUND OUT THAT HIS CODEFENDANT HAD ADMITTED
TO BEING THE TRIGGER-MAN AND, IN FERGERSON'S MIND, THIS WAS
AN IMPORTANT ISSUE. FURTHER, FERGERSON WAS MENTALLY RETARDED
AND DID NOT KNOW OR UNDERSTAND THE LAW REGARDING HOW OR WHAT
WERE COGNIZABLE GROUNDS FOR ALLOWING A WITHDRAWAL OF HIS PLEA.

31. IT IS ALSO WORTHY TO NOTE THAT THE ATTORNEY FOR THE RE-
SPONDENT IS THE SAME ATTORNEY THAT ARGUED IN FAVOR OF A REMAND
FOR AN EVIDENTIARY HEARING IN STATE COURT. IN THAT PLEADING
THE SAME ATTORNEY ARGUED THAT THE TRIAL COURT HAD FAILED TO
ADDRESS THE ISSUE, AND BASED ON ALABAMA LAW, AN EVIDENTIARY
HEARING WAS DUE BECAUSE THE TRIAL JUDGE DID NOT HAVE PERSONAL
KNOWLEDGE OF THE FACTS UNDERLYING FERGERSON'S ALLEGATION BECAUSE
THE ALLEGED CONDUCT OF COUNSEL OCCURRED OUTSIDE OF THE COURT'S
PRESENCE. (RX-UNMARKED, STATE'S BRIEF ON APPEAL FROM THE DENIAL
OF FERGERSON'S POST-CONVICTION PETITION, P. 18-21).

32. BECAUSE THE STATE COURT INCORRECTLY FOUND THIS ISSUE PRE-
CLUDED AND THEREFORE DID NOT ADDRESS THE MERITS, THIS CLAIM
IS NOT PRECLUDED FROM REVIEW AND/OR RELIEF GIVEN BY THIS COURT.
28 U.S.C. §2254(d)("AN APPLICATION FOR A WRIT OF HABEAS CORPUS

...SHALL NOT BE GRANTED WITH RESPECT TO ANY CLAIM **THAT WAS ADJUD-ICATED ON THE MERITS IN STATE COURT...")**

### E. INEFFECTIVE COUNSEL CLAIMS COLLECTIVELY

33. IN ORDER TO ESTABLISH A CLAIM OF INEFFECTIVE COUNSEL IN THE CONTEXT OF A GUILTY PLEA FERGERSON MUST SHOW "COUNSELOR'S REPRESENTATION FELL BELOW AN ABJECTIVE STANDARD OF REASONABLE-NESS." HILL V. LOCKHART, 474 U.S. 52, 57 (1985). FERGERSON MUST ALSO SHOW THAT "BUT FOR COUNSELOR'S ERRORS, HE WOULD NOT HAVE PLEADED GUILTY AND WOULD HAVE INSISTED ON GOING TO TRIAL." at 59.

34. REGARDING THE FIRST PRONG, THE COLLOQUY CLEARLY SHOWS THAT FERGERSON HAD AN INCOMPLETE UNDERSTANDING OF THE CHARGE WHICH SUPPORTS HIS ALLEGATIONS THAT HIS TRIAL COUNSELOR DID NOT FULLY EXPLAIN THE CHARGE, ETC.

35. REGARDING THE SECOND PRONG, FERGERSON ALLEGED IN THE STATE COURT PROCEEDINGS THAT HE WOULD NOT HAVE PLEADED GUILTY IF IT WAS NOT FOR COUNSELOR'S ERRORS. (RX-5 C18). MOREOVER, THE RECORD REFLECTS THAT FERGERSON STOPPED THE INITIAL GUILTY PLEA PROCEED-INGS AND WANTED TO GO TO TRIAL. (RX-1 R110). IT WAS ONLY AFTER WHATLEY INFORMED THE COURT THAT HE WAS NOT PREPARED FOR TRIAL THAT THE ALLEGED COERCION TOOK PLACE. (RX-1 R111-112). SHORTLY THEREAFTER, ON THE SAME DAY, FERGERSON APPEARED IN COURT FOR THE GUILTY PLEA, OF WHICH THE COLLOQUY CLEARLY SHOWS HE DID NOT UNDERSTAND THE CHARGE. (RX-1 R122-127). IT IS EASY TO SEE THE MOTIVE BEHIND WHATLEY'S ACTIONS. HE STATED ON THE RECORD THAT HE WAS NOT PREPARED FOR TRIAL TO WHICH THE COURT REPLIED "WE'LL SEE YA'LL AT 8:30 IN THE MORNING (FOR TRIAL)..." (RX-1 R112). THE THOUGHT OF GOING INTO A CAPITAL MURDER CASE UNPREPARED PROMP-

15

TED WHATLEY TO WORK TOWARD SECURING FERGERSON'S GUITLY PLEA
THROUGH ANY MEANS POSSIBLE, EVEN COERCION AND MISREPRESENTATIONS.

36. COUNSEL'S LACK OF PREPAREDNESS WAS ALSO REFLECTED IN HIS
FAILURE TO FULLY EXPLAIN THE CHARGE, ETC. TO FERGERSON.

37. UNDER HILL, supra, FERGERSON IS ENTITLED TO AN EVIDENTIARY
HEARING BECAUSE HE IS IN THIS REPLY CLARIFYING HIS CLAIM AS
STATED IN HIS INITIAL HABEAS PETITION TO THIS COURT THAT IF
IT WERE NOT FOR THE ERRORS OF COUNSEL AS STATED ABOVE, HE WOULD
NOT HAVE PLEADED GUILTY BUT WOULD HAVE INSISTED ON GOING TO
TRIAL, AND BECAUSE HIS CLAIM IS SUFFICIENTLY PLEADED. HILL,
at 60.

## IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL CLAIMS

38. AFTER FURTHER REVIEW, FERGERSON CONCEDES THAT HIS APPELLATE
COUNSEL COULD NOT HAVE REASONALBY RAISED CLAIMS OF INEFFECTIVE
TRIAL COUNSEL ON APPEAL. MOREOVER, BECAUSE FERGERSON WAS ABLE
TO RAISE THOSE CLAIMS AND HIS CLAIM THAT HIS PLEA WAS INVOLUNTARY
IN HIS POST-CONVICTION PETITION, HE COULD NOT SHOW PREJUDICE
FROM THOSE ALLEGED ERRORS. THERFORE, HIS APPELLATE COUNSEL WAS
NOT INEFFECTIVE.

## V. VOLUNTARINESS OF GUILTY PLEA

### A. THIS CLAIM IS NOT PROCEDURALLY DEFAULTED.

39. THE RESPONDENTS CLAIM THAT FERGERSON'S ARGUMENT THAT HIS
GUILTY PLEA WAS INVOLUNTARY BECAUSE HE WAS NOT ADVISED OF THE
MINIMUM AND MAXIMUM SENTENCE FOR CAPITAL MURDER, THE CONSTITUT-
IONAL RIGHTS HE WAS WAIVING BY PLEADING GUILTY, AND THE FACT
THAT HIS GUILTY PLEA COULD BE USED AGAINST HIM AT THE SUBSEQUENT
TRIAL WERE NOT RAISED IN STATE COURT AND ARE THUS PROCEDURALLY
BARRED. HOWEVER, AS DISCUSSED ABOVE CONCERNING FERGERSON'S CLAIM
UNDERLYING HIS INEFFECTIVE COUNSEL CLAIMS, THESE CLAIMS WERE

RAISED IN STATE COURT AT THE CIRCUIT COURT LEVEL (RX-5 C21), THE APPELLATE COURT LEVEL (RX-7 P.5-7), AND IT WAS ARGUED ON PETITION FOR WRIT OF CERTIORARI TO THE STATE COURT OF LAST RESORT (RX-8). THEREFORE, THESE CLAIMS ARE PROPERLY BEFORE THIS COURT.

40. MOREOVER, AS SHOWN BY THE COLLOQUY, FERGERSON HAD SUCH AN INCOMPLETE UNDERSTANDING OF THE CHARGE THAT HE DID NOT KNOW OR UNDERSTAND HE WAS PLEADING GUILTY TO CAPITAL MURDER, THEREFORE HE COULD NOT HAVE POSSIBLY KNOWN OR UNDERSTAND THE MINIMUM AND MAXIMUM PENALTIES, OR THE RIGHTS HE WAS WAIVING BY PLEADING GUILTY TO THAT OFFENSE.

### B. MERITS OF VOLUNTARINESS OF GUILTY PLEA CLAIM

41. **THE RESPONDENTS STATE** "THERE IS NO DOUBT THAT FERGERSON INITIALLY DID NOT UNDERSTAND THE NATURE OF THE CAPITAL MURDER CHARGE." THAT IT A CORRECT STATEMENT. HOWEVER, THEY ARGUE THAT THE COURT CLEARED UP THE MATTER THROUGH ITS EXPLANATIONS DURING THE PLEA COLLOQUY. THUS, THEY ARGUE, FERGERSON'S PLEA WAS VOLUN-TARY, AND THE STATE COURT'S DECISION IS NOT IN VIOLATION OF FEDERAL LAW OR AN UNREASONABLE DETERMINATION IN LIGHT OF THE FACTS PRESENTED IN STATE COURT. (RESPONSE, P. 33-37).

42. THE QUESTION BEFORE THIS COURT IS WHETHER FERGERSON'S PLEA WAS INVOLUNTARILY ENTERED ACCORDING TO FEDERAL LAW. IF THIS COURT FINDS THAT IT WAS NOT VOLUNTARY, THEN THE DECISION OF THE STATE COURT IS CONTRARY TO OR AN UNREASONABLE APPLICATION OF FEDERAL LAW - AS DETERMINED BY THE UNITED STATES SUPREME COURT -, AND/OR UNREASONABLE IN LIGHT OF THE EVIDENCE PRESENTED IN STATE COURT.

43. "SEVERAL FEDERAL CONSTITUTIONAL RIGHTS ARE INVOLVED IN A WAIVER THAT TAKES PLACE WHEN A PLEA OF GUILTY IS ENTERED IN A STATE CRIMINAL TRIAL. FIRST, IS THE PRIVILEGE AGAINST COMPUL-

SORY SELF-INCRIMINATION GUARANTEED BY THE FIFTH AMENDMENT AND
APPLICABLE TO THE STATES BY REASON OF THE FOURTEENTH AMENDMENT.
SECOND, IS THE RIGHT TO TRIAL BY JURY. THIRD, IS THE RIGHT TO
CONFRONT ONE'S ACCUSERS." BOYKIN V. ALABAMA, 395 U.S. 238 (1969)
(CITATIONS OMITTED).

44. FROM THE VERY BEGINNING OF THE CRIMINAL PROCEEDINGS, FERG-
ERSON MAINTAINED THAT HE WAS NOT THE TRIGGER-MAN, AND THAT HE
HAD NO INTENTION OF KILLING THE VICTIM, PATRICK HUGHES. HE CON-
TINUALLY EXPRESSED THAT HIS INTENT WAS TO COMMIT A ROBBERY,
AND A ROBBERY ONLY. NOR DID HE FORESEE THAT JAMARIAN THORNTON
WOULD KILL HUGHES. FERGERSON'S POSITION **NEVER** WAIVERED THROUGHOUT
THE CRIMINAL PROCEEDINGS, AND WAS, IN FACT, THE BASIS FOR HIS
PRP SE MOTION TO WITHDRAW HIS GUILTY PLEA, I.E., THAT HE WAS
INNOCENT OF HUGHES MURDER.

45. FROM THE RECORD, IT IS CLEAR TO ANYONE WHO READS THE COLLO-
QUY THAT HE DID NOT UNDERSTAND THE ELEMENTS OF THE CHARGE AGAINST
HIM. HE DID NOT UNDERSTAND THAT BY PLEADING GUILTY TO THE CHARGED
OFFENSE HE WAS, IN ESSENCE, AGREEING THAT HE POSSESSED THE REQUI-
SITE INTENT TO KILL HUGHES - A MATTER THAT HE VEHEMENTLY DENIED.

46. THERE IS NO DISPUTE THAT A PARTICULARIZED "INTENT TO KILL"
IS A CRITICAL ELEMENT IN THE OFFENSE OF CAPITAL MURDER. THE
STATE'S THEORY OF THE CASE WAS THAT FERGERSON POSSESSED THE
REQUISITE INTENT TO KILL PATRICK HUGHES PURSUANT TO THE COMPLI-
CITY DOCTRINE. WHETHER THE INDICTMENT ADEQUATELY CHARGED FERGER-
SON WITH THE NECESSARY INTENT WAS THE SUBJECT OF AN INTENSE,
ONGOING DEBATE AT THE TRIAL COURT LEVEL. AN UNDERSTANDING OF
THAT DEBATE AND THE PROCEEDINGS THAT FOLLOWED IS CRITICAL TO
RESOLVING THE ISSUES PRESENTED IN THIS PETITION.

## ESSENTIAL FACTUAL INFORMATION

47. THE INDICTMENT CHARGED IN PERTINENT PART:
"THE GRAND JURY OF SAID COUNTY CHARGE THAT ... GREGORY FERG-
ERSON DID INTENTIONALLY CAUSE THE DEATH OF THOMAS PATRICK
HUGHES, IV, BY SHOOTING HIM WITH A RIFLE AND/OR A PISTOL,
AND GREGORY MONTAE FERGERSON CAUSED SAID DEATH DURING THE
TIME THAT GREGORY MONTAE FERGERSON WAS IN THE COURSE OF
COMMITTING A THEFT OF LAWFUL PAPER CURRENCY OF THE UNITED
STATES OF AMERICA, THE EXACT DENOMINATIONS OF WHICH ARE
UNKNOWN TO THE GRAND JURY, THE PROPERTY OF BONDAR ENTERPRI-
SES D/B/A WENDY'S ... BY THE USE OF FORCE AGAINST THE PERSON
OF THOMAS PATRICK HUGHES, IV, WITH THE INTENT TO OVERCOME
HIS PHYSICAL RESISTANCE OR TO COMPEL AQUIESCENCE TO THE
TAKING OF OR ESCAPING WITH THE SAID PROPERTY, WHILE ...GREG-
ORY MONTAE FERGERSON, OR ANOTHER PARTICIPANT, TO-WIT: JAMAR-
IAN QUORTEZ THORNTON ... WAS ARMED WITH A DEADLY WEAPON
OR A DANGEROUS INSTRUMENT, TO-WIT: A RIFLE AND/OR A PISTOL,
IN VIOLATION OF 13A-5-40(a)(2) OF THE CODE OF ALABAMA."

(RX-1 C13-14).

48. ON MARCH 3, 2001, DEFENSE COUNSEL FILED A MOTION TO DISMISS

THE INDICTMENT ON THE GROUNDS THAT THE INDICTMENT WAS IMPERMISS-

IBLY VAGUE BECAUSE IT DID NOT GIVE FERGERSON ADEQUATE NOTICE

OF THE CHARGE AGAINST HIM. (RX-1 C29-36). SPECIFICALLY, COUNSEL

ARGUED:

"THE PRESENT INDICTMENT DOES NOT COME CLOSE TO APPRISING
GREGORY FERGERSON OF THE CASE HE NEEDS TO DEFEND, AND IT
DOES NOT CHARGE THE ELEMENT OF THE OFFENSE OF CAPITAL MURDER
IN THAT HE HAS THE SAME INTENT TO KILL AS THE SHOOTER.
THERE IS NO LANGUAGE DESCRIBING ANY OF THE FACTS OR CIRCUM-
STANCES OF THE CRIME THAT ARE RELATIVE [TO] HIS STATE OF
MIND OR SHOW THAT HE INTENDED ANYTHING OTHER THAN TO COMMIT
A ROBBERY. IT FAILS TO SET FORTH PARTICULAR ACTS OR MEANS
BY WHICH FERGERSON ALLEGEDLY COMMITTED THE MURDER BECAUSE
HE POSSESSED THE SAME STATE OF MIND AS THE SHOOTER."

(RX-1 C31). THE STATE FILED A WRITTEN RESPONSE. (RX-1 C38-40).

49. ON MAY 3, 2001, AN ARRAIGNMENT HEARING WAS CONDUCTED.

PRIOR TO THAT, THE COURT ENTERTAINED ARGUMENTS ON THE MOTION

TO DISMISS, DURING WHICH THE FOLLOWING OCCURRED:

"MR. SCHUESSLER: (DEFENSE COUNSEL): ...OUR BIGGEST BATTLE
GROUND IN THIS CASE IS REALLY ON THE INTENT ASPECT AND
MAKING ABSOLUTELY SURE THAT A JURY DOESN'T CONVICT FOR

CAPITAL MURDER BECAUSE THE STATE CONVINCES THEM BEYOND
A REASONABLE DOUBT THAT HE HAS COMMITTED THE OFFENSE OF
FELONY MURDER, AND THAT'S AN AREA THAT WE JUST WILL CONTINUE
TO ADDRESS AT EVERY HEARING WE HAVE, BECAUSE THAT TO US
IS WHERE THE BIGGEST CHANCE OF AN INJUSTICE CAN TAKE PLACE.
AND I HAVE KIND OF OUTLINED THAT FOR YOU ON THIS CHART."

"...

"..THERE WAS AN INTENTIONAL KILLING BY MR. THORNTON, AND
THAT IS - THAT IS GOING TO BE THE EVIDENCE THAT COMES BEFORE
THE JURY, BUT IF IT'S NOT PROPERLY INSTRUCTED, **THE STATE
WILL HAVE SHOWED AN INTENTIONAL KILLING THE INTENT IS THAT
OF MR. THORNTON, AND IT WILL BE - IT WILL BECOME INCREDIBLY
CONFUSING. THE ONLY PARTICIPATION OF MR. FERGERSON ACCORDING
- HE WAS A PARTICIPANT IN A ROBBERY.**[4]

"THE COURT: OF COURSE, THESE CASES WILL BE TRIED SEPARATELY,
AND I THINK THE THORNTON CASE WILL BE TRIED FIRST.

"...

"MR. SCHUESSLER: YES, SIR. I READ THE WORD INTENTIONAL
THERE BASED ON THE AFFIDAVIT OF THE CRIME ALLEGED, YOU
KNOW, AND JUST LOOKING AT THE EVIDENCE, IT WOULD BE AN
ASSUMPTION OF MINE AT THIS POINT THAT THERE WILL BE EVIDENCE
OF INTENTIONAL KILLING BY MR. THORNTON PRESENT IN MR. FERG-
ERSON'S CASE.

"MR. GLANZER (ASSISTANT DISTRICT ATTORNEY): WE ARE ARGUING
COMPLICITY.

"THE COURT: WELL, AT THIS POINT THAT'S DENIED..."

(RX-1 R28-30)(EMPHASIS ADDED).

50. FOLLOWING A READING OF THE INDICTMENT, FERGERSON ENTERED

A PLEA OF NOT GUILTY AND NOT GUILTY BY REASON OF MENTAL DISEASE

OR DEFECT. (RX-1 R31-34). A DISCUSSION ENSUED DURING WHICH DE-

---

4- RESPONDENTS CLAIM THAT FERGERSON WAS THE TRIGGERMAN BECAUSE
WITNESSES TESTIFIED THAT THE SUSPECT WEARING THE "JASON" MASK
WENT TO THE BACK OF THE STORE AND KILLED THE VICTIM, HUGHES.
AND DNA TESTING REVEALED FERGERSON'S DNA ON THE JASON MASK.
HOWEVER, NO DNA WAS RECOVERED FROM THE "SCREAM" MASK, AND UPON
CROSS-EXAMINATION THE FORENSIC SCIENTIST TESTIFIED THERE WAS
NO WAY TO DETERMINE WHEN THE DNA WAS DEPOSITED. FERGERSON'S
CODEFENDANT, THORNTON, TESTIFIED THAT BOTH MASKS BELONGED TO
FERGERSON. (RX-1 R357). IT WAS REASONABLE TO EXPECT TO FIND
FERGERSON'S DNA ON BOTH MASKS. THORNTON ALSO ADMITTED "I WENT
TO THE BACK." ALTHOUGH HE CORRECTED HIMSELF BY SAYING FERGERSON
WENT TO THE BACK. (RX-1 R359). THE SUSPECT WHO WENT TO THE BACK
WAS THE TRIGGER-MAN.

FENSE COUNSEL ARGUED THAT BECAUSE OF THE CONFUSING INDICTMENT, THERE WAS A CLEAR RISK THAT FERGERSON COULD BE CONVICTED OF CAPITAL MURDER WHEN HE WAS ONLY GUILTY, AT MOST, OF FELONY MURDER (RX-1 R35-41). FOR THE COURT'S CONSIDERATION, DEFENSE COUNSEL INTRODUCED A MEMORANDUM ON THE DISTINCTION BETWEEN CAPITAL MURDER AND FELONY MURDER FOR THE NONTRIGGERMAN. (RX-1 C29-36). COUNSEL ALSO MOVED TO PROHIBIT THE READING OF THE INDICTMENT TO THE JURY, AND SUBMITTED A PROPOSED ALTERNATIVE TO READING THE INDICT-MENT TO THE JURY. (RX-1 R35-41; C46-49).

51. ON AUGUST 20, 2003, A HEARING WAS CONDUCTED. (RX-1 R100-104). THE ATTORNEY WHO FILED AND ARGUED THE MOTION TO DISMISS THE INDICTMENT NO LONGER REPRESENTED FERGERSON. FERGERSON'S NEW COUNSEL, WHATLEY, INDICATED THAT A PLEA AGREEMENT HAD BEEN REACHED. FERGERSON WOULD PLEAD GUILTY TO CAPITAL MURDER AND THE STATE COULD RECOMMEND LIFE WITHOUT PAROLE IN PRISON. THE PLEA WAS SCHEDULED FOR SEPTEMBER 8, 2003. (RX-1 R102).

52. ON SEPTEMBER 8, 2003, THE CASE WAS CALLED FOR TRIAL. A HEARING WAS CONDUCTED OUTSIDE THE PRESENCE OF ANY POTENTIAL JURORS. THE COURT DISCUSSED THE ORDER OF THE PROCEEDINGS. (RX-1 R107-110). AS THE COURT PREPARED TO TAKE FERGERSON'S GUILTY PLEA, THE FOLLOWING OCCURRED:

"THE COURT: ...NOW, DO YOU WANT TO GO THROUGH WITH THE PLEA AT THIS TIME?

"(BRIEF PAUSE HAD.)

"MR. FERGERSON: (SHAKING HEAD IN THE NEGATIVE.)

MR. WHATLEY: YOU DON'T WANT TO?

"MR. FERGERSON: (SHAKING HEAD IN THE NEGATIVE.)

"MR. WHATLEY: JUDGE, MY CLIENT HAS JUST INFORMED ME **THAT HE DOES NOT WANT TO PLEAD GUILTY.**"

(RX-1 R110).

53. THE COURT STOPPED THE PROCEEDINGS IN ORDER FOR WHATLEY TO CONFER WITH FERGERSON. (RX-1 R111). WHEN AN AGREEMENT COULD NOT BE REACHED, THE COURT DISMISSED THE PROCEEDINGS UNTIL THE FOLLOWING DAY. (RX-1 R111-112).

54. THE SAME DAY, HOWEVER, AT 2:30PM, THE COURT RECONVENED AND FERGERSON INDICATED HIS DESIRE TO PLEAD GUILTY. (RX-1 R115). THE COURT ASKED FERGERSON SOME GENERAL QUESTIONS REGARDING HIS AGE, EDUCATIONAL BACKGROUND, AND WHETHER HE WAS UNDER THE INFLUENCE OF ANY DRUGS. (RX-1 116-117). THE COURT QUESTIONED FERGERSON WHETHER HE UNDERSTOOD THE GUILTY PLEA FORMS THAT HE SIGNED, AND WHETHER HE UNDERSTOOD THAT HE WAS WAIVING THOSE RIGHTS BY PLEADING GUILTY. (RX-1 R117-119). THE COURT ASCERTAINED THAT FERGERSON WAS SATISFIED WITH HIS COUNSEL AND ASKED IF HE HAD ANY QUESTIONS REGARDING THE INDICTMENT. (RX-1 R119-122).

55. IT WAS AT THIS POINT THAT THE COLLOQUY WAS CONDUCTED, THE PERTINENT PART OF WHICH IS QUOTED AT THE BEGINNING OF THIS REPLY. THERE IS NO NEED TO REPEAT IT HERE, SUFFICE IT TO SAY IT CLEARLY SHOWS FERGERSON HAD NO UNDERSTANDING OF THE CHARGE. (RX-1 R125-127).

56. ON SEPTEMBER 10, 2003, THE JURY TRIAL WAS CONDUCTED. THE JURY FOUND FERGERSON GUILTY OF CAPITAL MURDER AS CHARGED IN THE INDICTMENT. DURING ALLOCUTION FERGERSON STATED: "...I WOULD LIKE TO SAY I AM SORRY FOR THE LOSS OF THE FAMILY VICTIM, AND **I DID NOT TAKE A LIFE.**" (RX-1 R413)(EMPHASIS ADDED).

57. ON SEPTEMBER 23, 2003, FERGERSON FILED A PRO SE MOTION TO WITHDRAW HIS PLEA, AND HE RENEWED THAT MOTION ON OCTOBER 17, 2003. (RX-1 C3, 347-349). A HEARING WAS CONDUCTED ON THAT MOTION. FERGERSON WAS **REPRESENTED BY THE SAME ATTORNEYS WHO REPRESENTED HIM AT THE GUILTY PLEA, AND THE SAME JUDGE PRESIDED**

OVER BOTH THE GUILTY PLEA AND HEARING.

58. FERGERSON ARGUED, IN EFFECT WITH NO ASSISTANCE FROM COUN-
SEL, THAT EVIDENCE PRODUCED DURING HIS TRIAL THAT THORNTON WAS
THE TRIGGERMAN, AND HE HAD ADDITIONAL WITNESSES WHO WOULD TESTIFY
THAT THORNTON ADMITTED TO THEM THAT HE KILLED THE VICTIM. THE
COURT DENIED THE MOTION. (RX-1 R418-420; C351).

ARGUMENT

59. RULE 14.4(a)(1)(i), ALA.R.CRIM.P., STATES:

> " THE COURT SHALL NOT ACCEPT A PLEA OF GUILTY WITHOUT FIRST
> ADDRESSING THE DEFENDANT   PERSONALLY IN THE PRESENCE OF
> COUNSEL IN OPEN COURT FOR PURPOSES OF ASCERTAINING THAT
> THE DEFENDANT HAS A FULL UNDERSTANDING OF WHAT A PLEA OF
> GUILTY MEANS AND ITS CONSEQUENCES, BY INFORMING THE DEFEND-
> ANT OF AND DETERMINING THAT THE DEFENDANT UNDERSTANDS THE
> **NATURE OF THE CHARGE AND THE MATERIAL ELEMENTS OF THE OF-
> FENSE TO WHICH THE PLEA IS OFFERED.**"

(EMPHASIS ADDED).

60. "REAL NOTICE OF THE NATURE OF THE CHARGE [IS] THE FIRST
AND MOST UNIVERSALLY RECOGNIZED REQUIREMENT OF DUE PROCESS..."
SMITH V. O'GRADY, 312 U.S. 329, 334 (1941). SEE ALSO, COMMITTEE
COMMENTS TO RULE 14.4, ALA.R.CRIM.P.

> " A DEFENDANT DOES NOT RECEIVE 'REAL NOTICE' OF THE NATURE
> OF THE CHARGE AGAINST HIM UNLESS HE IS INFORMED OF THE
> ELEMENTS OF THE CHARGED OFFENSE. AS WE HAVE PREVIOUSLY
> HELD: THE DEFENDANT RECEIVES 'REAL NOTICE' OF THE CHARGE
> WHEN HE HAS BEEN INFORMED OF BOTH THE NATURE OF THE CHARGE
> TO WHICH HE IS PLEADING GUILTY AND ITS ELEMENTS. **THIS IS
> SO BECAUSE A PLEA OF GUILTY REPRESENTS, IN ESSENCE, AN
> ADMISSION AS TO EACH AND EVERY ELEMENT OF THE OFFENSE.
> IN ADDITION, THE DEFENDANT SHOULD UNDERSTAND HOW HIS CONDUCT
> SATISFIES THOSE ELEMENTS.** GADDY, 780 F.2d at 943-44 (CITA-
> TIONS OMITTED); SEE ALSO STANO V. DUGGER, 921 F.2d 1125, 1142
> (11th CIR. 1999)(EN BANC)(RECOGNIZING THAT, PRIOR TO ENTER-
> ING A GUILTY PLEA, A DEFENDANT MUST RECEIVE INFORMATION
> ON 'THE NATURE OF THE OFFENSE AND THE ELEMENTS OF THE
> CRIME'). 'AT THE VERY LEAST, DUE PROCESS REQUIRES THAT
> THE DEFENDANT, PRIOR TO TENDERING A PLEA OF GUILTY, RECEIVE
> A DESCRIPTION OF THE "CRITICAL ELEMENTS" OF THE CHARGED
> OFFENSE...' GADDY, 780 F.2d at 945 (CITATION OMITTED)."

U.S. V. BROWN, 117 F.3d 471, 477 (11th CIR. 1997).

61. THE ISSUE BEFORE THIS COURT IS WHETHER FERGERSON'S PLEA

WAS KNOWINGLY AND VOLUNTARILY RENDERED? DID FERGERSON HAVE "REAL NOTICE OF THE TRUE NATURE OF THE CHARGE?" DID HE UNDERSTAND THAT BY PLEADING GUILTY TO CAPITAL MURDER, HE WAS AGREEING THAT HE POSSESSED THE REQUISITE INTENT TO KILL THE VICTIM - A MATTER THAT HE VEHEMENTLY DENIED THROUGHOUT THE ENTIRE PROCEEDINGS. DID FERGERSON UNDERSTAND THAT HIS PLEA WOULD, IN ESSENCE, RELIEVE THE STATE OF ITS BURDEN OF PROVING THAT HE POSSESSED THE NECES- SARY INTENT TO COMMIT THE MURDER? A REVIEW OF THE PROCEEDINGS CLEARLY INDICATES THAT FERGERSON DID NOT UNDERSTAND THE CHARGE, OR THE RAMIFICATIONS OF HIS PLEA.

62. FROM THE VERY OUTSET OF THE GUILTY PLEA PROCEEDINGS, FERG- ERSON INDICATED HIS RELUCTANCE TO PLEAD TO THE CHARGE IN THE INDICTMENT - AN INDICTMENT THAT DEFENSE COUNSEL ARGUED WAS FATAL- LY FLAWED. IN FACT, THE FIRST GUILTY PLEA HEARING HAD TO BE DISMISSED BECAUSE FERGERSON RETRACTED HIS INTENT TO PLEAD GUILTY. WHEN COURT RECONVENED, SHORTLY THEREAFTER ON THE SAME DATE, FERGERSON WAS STILL CONFUSED ABOUT THE CHARGE CONTAINED IN THE INDICTMENT.

63. WHILE PERHAPS SIMPLISTIC, IT APPEARS THAT FERGERSON THOUGHT THAT THE ROBBERY AND MURDER ELEMENTS COULD BE SEVERED INTO SEPAR- ATE OFFENSES, AND ALL THAT HE WAS PLEADING GUILTY TO WAS THE ROBBERY, AND ADMITTING THAT THERE WAS A MURDER, NOT HIS KNOWING PARTICIPATION IN THAT MURDER. AS EVIDENCED BY THE COLLOQUY, THE COURT'S ATTEMPTS TO CLARIFY THE CHARGE ONLY MADE IT MORE CONFUSING, EVEN MORE SO CONSIDERING FERGERSON'S MENTAL RETARDA- TION. IT WOULD HAVE BEEN CONFUSING TO A PERSON OF ABOVE AVERAGE INTELLIGENCE WHO WAS UNFAMILIAR WITH THE LAW.

64. IT IS IMPORTANT FOR THIS COURT TO UNDERSTAND ALABAMA'S CAPITAL MURDER STATUTE:

24

"'"NO DEFENDANT IS GUILTY OF A CAPITAL OFFENSE UNLESS HE
HAD AN INTENT TO KILL, AND THAT INTENT TO KILL CANNOT BE
SUPPLIED BY THE FELONY MURDER DOCTRINE. BECK V. STATE,
396 So.2d 645, 662 (ALA., MARCH 6, 1981)"; CARNES, ALABAMA'S
CAPITAL PUNISHMENT STATUTE, 42 ALA.LAW 456, 468 (1981).
SEE ALSO ENMUND V. FLORIDA, 458 U.S. 782 ... (1982), BUT
SEE GODBOLT V. STATE, 429 So.2d 1131, 1134 (ALA.CRIM.APP.
HOLDING THAT ENMUND IS INAPPLICABLE TO A DEFENDANT WHO
DOES NOT RECEIVE THE DEATH PENALTY. **HOWEVER, A NON-TRIGGER-
MAN CAN BE CONVICTED OF A CAPITAL OFFENSE IF HE WAS A KNOW-
ING ACCOMPLICE TO THE INTENTIONAL KILLING ITSELF.** RITTER
V. STATE, 375 So.2d 270 (ALA. 1979). '**THE ACCOMPLICE LIAB-
ILITY DOCTRINE MAY BE USED TO CONVICT A NON-TRIGGERMAN
ACCOMPLICE, IF, BUT ONLY IF, THE DEFENDANT WAS AN ACCOMPLICE
IN THE INTENTIONAL KILLING AS OPPOSED TO BEING AN ACCOMPLICE
MERELY IN THE UNDERLYING FELONY.**" EX PARTE RAINES, 429
So.2d 1111, 1112 (ALA. 1982)...""

ARTHUR V. STATE, 711 So.2d 1031, 1057-1058 (ALA.CRIM.APP. 1996).

THE CONFUSION ANTICIPATED BY THE DEFENSE IN ITS MOTION TO DISMISS

THE INDICTMENT BECAME A REALITY IN THE GUILTY PLEA PROCEEDINGS.

65. FERGERSON'S GUILTY PLEA TO WHAT HE THOUGHT WAS IN ESSENCE,

A FELONY-MURDER[5] WAS THEN USED AS VERY DAMNING EVIDENCE BEFORE

THE JURY. IN FACT, THE PROSECUTOR TOLD THE JURY IN OPENING ARGU-

MENTS THAT FERGERSON **ADMITTED TO KILLING THE VICTIM.** (RX-1 R

225-226). CLEARLY, FERGERSON INTENDED NO SUCH ADMISSION.

66. IT DOES NOT MATTER WHETHER THE EVIDENCE PRODUCED AT TRIAL

SUPPORTS FERGERSON'S GUILTY PLEA. ALL THAT MATTERS FOR THE PURP-

OSES OF THE ISSUES RAISED IN THIS PETITION IS WHETHER FERGERSON,

AT THE TIME HE ENTERED HIS GUILTY PLEA, FULLY UNDERSTOOD THE

---

5- ALABAMA'S FELONY MURDER STATUTE IS SIMPLY DEFINED AS AN UNINT-
ENTIONAL DEATH DURING THE COMMISSION OF AN INTENTIONAL FELONY.
§13A-6-2(a)(3), CODE OF ALA., READS: "HE COMMITS OR ATTEMPTS
TO COMMIT ...ROBBERY IN ANY DEGREE...OR ANY OTHER FELONY CLEARLY
DANGEROUS TO HUMAN LIFE AND, IN THE COURSE OF AND IN FURTHERANCE
OF THE CRIME THAT HE IS COMMITTING OR ATTEMPTING TO COMMIT,
OR IN IMMEDIATE FLIGHT THEREFROM, HE, OR ANOTHER PARTICIPANT,
IF THERE BE ANY, CAUSES THE DEATH OF ANY PERSON."

NATURE OF THE CHARGES AGAINST HIM. FERGERSON MAINTAINS THAT
HE DID NOT.

> " A PLEA MAY BE INVOLUNTARY EITHER BECAUSE THE ACCUSED
> DOES NOT UNDERSTAND THE NATURE OF THE CONSTITUTIONAL PRO-
> TECTIONS THAT HE IS WAIVING, SEE E.G., <u>JOHNSON V. ZERBST</u>,
> 304 U.S. 458, 464-465.., **OR BECAUSE HE HAS SUCH AN INCOM-**
> **PLETE UNDERSTANDING OF THE CHARGE THAT HIS PLEA CANNOT**
> **STAND AS AN INTELLIGENT ADMISSION OF GUILT. WITHOUT ADEQUATE**
> **NOTICE OF THE NATURE OF THE CHARGE AGAINST HIM, OR PROOF**
> **THAT HE IN FACT UNDERSTOOD THE CHARGE, THE PLEA CANNOT**
> **BE VOLUNTARY IN THIS LATTER SENSE."** <u>SMITH V. O'GRADY</u>, 312
> U.S. 329..."

<u>HENDERSON V. MORGAN</u>, 426 U.S. 637, 645 (1976)(EMPHASIS ADDED).

IN THIS CASE, "THE COURT TOOK NO STEPS TO SATISFY ITSELF THAT
FERGERSON UNDERSTOOD THE MEANING OF THE CHARGES, AND TO LEARN
WHAT ACTS ALLEGEDLY COMMITTED BY [FERGERSON] CONSTITUTED THE
ELEMENTS OF THE CHARGE." <u>GRIFFITH V. STATE</u>, 545 So.2d 236, 248
(ALA.CRIM.APP. 1989)(CITING <u>BOYKIN V. ALABAMA</u>, 395 U.S. 238
(1969)).

67. TO DETERMINE WHETHER FERGERSON "UNDERSTOOD THE NATURE
OF THE CHARGE", THE COURT SIMPLY VERIFIED THAT FERGERSON HAD
SIGNED THE <u>IRELAND</u> FORM. THAT FORM PURPORTEDLY ACKNOWLEDGED
FERGERSON'S UNDERSTANDING OF THE CHARGE; HOWEVER, THE FORM CON-
TAINS NO EXPLANATION OF THE CHARGE. DESPITE THE ONGOING CONTRO-
VERSY OVER THE DEFICIENT INDICTMENT, THE TRIAL COURT APPEARED
TO RELY ON DEFENSE COUNSELOR'S ASSURANCES THAT THEY HAD EXPLAINED
THE CHARGES TO MR. FERGERSON. GIVEN FERGERSON'S APPARENT CONFUS-
ION OVER THE CHARGE, THIS WAS JUST NOT SUFFICIENT. <u>GRIFFITH,</u>
<u>at 240.</u>

> "THE JUDGE MUST DETERMINE 'THAT THE CONDUCT WHICH THE DE-
> FENDANT ADMITS CONSTITUTES THE OFFENSE CHARGED IN THE IN-
> DICTMENT OR INFORMATION OR AN OFFENSE INCLUDED THEREIN
> TO WHICH THE DEFENDANT HAS PLEADED GUILTY.' **REQUIRING THIS**
> **EXAMINATION OF THE RELATION BETWEEN THE LAW AND THE ACTS**
> **THE DEFENDANT ADMITS HAVING COMMITTED IS DESIGNED TO 'PRO-**
> **TECT A DEFENDANT WHO IS IN THE POSITION OF PLEADING VOLUN-**
> **TARILY WITH AN UNDERSTANDING OF THE NATURE OF THE CHARGE**

BUT WITHOUT REALIZING THAT HIS CONDUCT DOES NOT ACTUALLY
FALL WITHIN THE CHARGE.'"

MCCARTHY V. U.S., 394 U.S. 459, 467 (1969).

68. FERGERSON WAS NEVER ASKED TO TESTIFY TO ANY FACTS THAT
WOULD SUPPORT HIS GUILTY PLEA TO CAPITAL MURDER PURSUANT TO
THE ACCOMPLICE LIABILITY DOCTRINE. THERE WAS NO EVIDENCE THAT
FERGERSON AND THORNTON DISCUSSED BEFOREHAND THAT THE MANAGER
WOULD BE KILLED IF THE MANAGER DID NOT COOPERATE. THERE WAS
NO EVIDENCE THAT FERGERSON "ENCOURAGED AND SUPPORTED THE KILLING
AND WAS PRESENT WITH [THORNTON'S] KNOWLEDGE TO RENDER ASSISTANCE
[IN THE MURDER] SHOULD IT BECOME NECESSARY." EX PARTE RITTER,
375 So.2d 270, 275 (ALA. 1979).

69. IN FACT, WITH THE EXCEPTION OF THORNTON'S SELF-SERVING
CLAIMS, THERE IS NO EVIDENCE BEFORE, DURING, OR AFTER THE GUILTY
PLEA PROCEEDING THAT ESTABLISHES THAT FERGERSON POSSESSED THE
PARTICULARIZED INTENT TO KILL HUGHES. ATTEBERRY V. STATE, 448
So.2d 425, 427 (ALA.CRIM.APP. 1983)("THE FINDING OF A FACTUAL
BASIS MUST BE GROUNDED UPON SOME INDICATION IN THE RECORD THAT
THE ACCUSED ACTUALLY COMMITTED ACTS THAT WOULD JUSTIFY A CONVICT-
ION BASED UPON HIS GUILTY PLEA."). ALL THAT WAS EVER
SUCCESSFULLY ESTABLISHED IS THAT FERGERSON INTENDED TO PARTICI-
PATE IN THE ARMED ROBBERY AND, AS DISCUSSED ABOVE, THIS IS JUST
NOT SUFFICIENT TO SUPPORT A CONVICTION FOR CAPITAL MURDER.

70. IN THIS CASE, THE READING OF THE INDICTMENT DID NOT SATISFY
THE COURT'S BURDEN OF ASCERTAINING THAT THERE WAS A FACTUAL
BASIS FOR THE PLEA - THE INDICTMENT WAS NOT "SIMPLE", AND IT
FAILED TO ADEQUATELY CHARGE OR DEFINE THE ELEMENT OF INTENT.

" WHEN SOME OF THE ELEMENTS OF THE OFFENSE ARE NOT STATED,
MISUNDERSTANDINGS ARE LIKELY TO OCCUR. UNITED STATES V.
PUNCH, 709 F.2d 889, 894 (5th CIR. 1983)(DETERMINATION OF
COMPLIANCE WITH FED. R. CRIM. P. 11). 'WHENEVER THIS POSSIB-
ILTIY [OF MISUNDERSTANDING] IS PRESENT AND THE DEFENDANT

27

BEFORE SENTENCING CLAIMS THAT IT WAS A REALITY, THE COURTS
SHOULD BE LOATH TO DENY AN ACCUSED HIS RIGHT TO TRIAL.'
(QUOTING UNITED STATE V. ROBERTS, 570 F.2d 999, 1011 (D.C.
CIR. 1977)...'A SWIFT CHANGE OF HEART IS ITSELF STRONG
INDICATION THAT THE PLEA WAS ENTERED IN HASTE AND CONFUS-
SION.' 709 F.2d at 895 n. 10 (QUOTING UNITED STATES V.
BARKER, 514 F.2d 208, 222 (D.C. CIR.)...LIKE THOSE IN PUNCH,
PIERCE'S REMARKS MAY BE CONSTRUED AS REVEALING HIS IGNORANCE
EITHER THAT INTENT WAS AN ELEMENT OF THE OFFENSE OR THAT
THE PROSECUTION HAD THE BURDEN OF PROOF OF INTENT, AND,
AT THE VERY LEAST, THEY REVEAL CONSIDERABLE CONFUSION ON HIS
PART. 709 F.2d at 895."

PIERCE V. STATE, 484 So.2d 506, 510 (ALA.CRIM.APP. 1985).

71. FROM THE TIME OF HIS ARREST UNTIL THE PRESENT, FERGERSON

HAS MAINTAINED THAT HE DID NOT INTEND TO KILL HUGHES, NOR DID

HE KNOW OR FORESEE THAT THORNTON WOULD KILL HUGHES. ALL HE IN-

INTENDED WAS TO BE AN ACCOMPLICE IN THE ROBBERY. IT IS CLEAR

THAT FERGERSON DID NOT UNDERSTAND THE CHARGE AGAINST HIM, NOR

DID HE UNDERSTAND THAT BY PLEADING GUITLY, HE WAS ADMITTING

THAT HE POSSESSED THE REQUISITE INTENT TO KILL HUGHES. SEE

HENDERSON V. MORGAN, supra (MENTALLY RETARDED DEFENDANT'S GUILTY

PLEA HELD INVOLUNTARY WHEN ELEMENT OF INTENT NOT EXPLAINED TO

HIM).

" IT IS WITHIN THE SOUND DISCRETION OF THE TRIAL COURT
TO REFUSE WITHDRAWAL OF A PLEA OF GUILTY...WE CITE WITH
APPROVAL, THE GENERAL RULE FOUND IN 22 C.J.S. CRIMINAL
LAW § 421(3) (1961), AS FOLLOWS:

'IN A PROPER CASE, THE DISCRETION OF THE COURT SHOULD
BE FREELY EXERCISED TO ALLOW A WITHDRAWAL OF A PLEA OF
GUILTY; IT SHOULD BE LIBERALLY EXERCISED **ESPECIALLY IN
CAPITAL CASES**, IN FAVOR OF LIFE AND LIBERTY OR INNOCENCE
AND LIBERTY; AND, AS THE LAW FAVORS A TRIAL ON THE MERITS,
THE COURT SHOULD RESOLVE ALL DOUBTS AND EXERCISE ITS
DISCRETION IN FAVOR OF SUCH A TRIAL.

"..THE WITHDRAWAL OF THE PLEA OF GUILTY SHOULD NOT BE
DENIED IN ANY CASE WHERE IT IS IN THE LEAST EVIDENT THAT
THE ENDS OF JUSTICE WILL BE SUBSERVED BY PERMITTING NOT
GUILTY TO BE PLEADED IN ITS PLACE.

"...**WHERE THE EVIDENCE AS TO WHETHER THE PLEA WAS ENTERED
THROUGH FEAR, DURESS, MISUNDERSTANDING, OR IMPROPER INFLU-
ENCE IS IN HOPELESS CONFLICT, THE BETTER PRACTICE IS**

**TO PERMIT THE PLEA TO BE WITHDRAWN. INDEED, ANY DOUBT AS TO THE PLEA'S BEING VOLUNTARY SHOULD BE RESOLVED IN THE ACCUSED'S FAVOR."** (FOOTNOTES OMITTED).

GRIFFITH V. STATE, 545 So.2d 236, 237 (ALA.CRIM.APP.)(EMPHASIS ADDED).

## CONCLUSION

FOR THE FOREGOING REASONS, FERGERSON REQUESTS THAT THIS COURT SET THE MATTER DOWN FOR AN EVIDENTIARY HEARING AND/OR GIVE HIM THE REQUESTED RELIEF.

## PROOF OF SERVICE

I DO HEREBY CERTIFY THAT A COPY OF THIS REPLY HAS BEEN SERVED ON THE RESPONDENTS BY PLACING SAME IN THE PRISON MAILBOX, FIRST CLASS POSTAGE PREPAID AND THUSLY ADDRESSED:

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, AL 36130

I DO HEREBY DECLARE UNDER THE PENALTY FOR PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. EXECUTED ON DECEMBER 2, 2006.

RESPECTFULLY SUBMITTED,

*Gregory M. Fergerson*                    DECEMBER 2, 2006
GREGORY MONTAE FERGERSON
#231286/  B-DORM
100 WARRIOR LANE
BESSEMER, AL 35023-7299

29