IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2008 MAR -4  A 10: 05

GREGORY MONTAE FERGERSON,
PETITIONER,

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

VS.                                                                    CASE NO: 3:06-CV-777-MHT (WO)

WARDEN KENNETH JONES, et. al.,
RESPONDENTS.

## MOTION FOR APPOINTMENT OF COUNSEL

Comes now your petitioner in the above-styled cause and pursuant to **18 USC 3006A (a)(2)(b)**, seeking appointment of counsel at this critical stage of the habeas corpus proceeding and furthermore seeks this appointment of counsel totally in the **interest of justice** and **due process**.
In support thereof the following is shown and good cause:

1. On September 6th, 2006, Petitioner was granted **In Forma Pauperis Status** (doc 3-1);
2. The issues raised in this Habeas Corpus proceeding are complex and involve inquiry, given factual and legal grounds present in case. **See Petitioner's reply filed December 2, 2006**
3. The issues raised all revolve around claims based on petitioner mental retardation and/or illiteracy. See **Appendix 1 (Affidavit)**
4. Fergerson was found to be mentally retarded upon a pretrial mental evaluation:
    The current AAMR definition of mental retardation provides: Mental retardation is a disability characterized by significant limitations both [1] in intellectual functioning and [2] in adoptive behavior as expressed in conceptual, social, and practical adaptive skills [3] this disability originates before age 18. See **AAMR, Mental Retardation: Definition, classification, and system of support 19 (10th ed. 2002).**
5. William Keith Robey and his paralegal friend in the free world are no longer able to assist inmate Fergerson due to his transfer from William E. Donaldson Correctional Facility to Childersburg Correctional Facility to work in their law library. See **Appendix 1 (Affidavit)**
6. Fergerson cannot comprehend the complex nature of a Habeas Corpus proceeding which is complicated to some trained lawyers.
7. Fergerson cannot comprehend the complex nature of the issues

1

presently pending before this court since December 2, 2006. See **Appendix 1 (Affidavit)**

8. Fergerson cannot pursue this action without appointment of counsel due to his illiteracy. It would take a train lawyer to handle the complex issues involving Fergerson claims of ineffective assistance of trial counsel; and voluntariness of his guilty plea; and other issues not mentioned herein. Furthermore Criminal Law Key 273.1(4) (point of law), hold that a conviction on a guilty plea that is entered solely as a result of faulty advice is a miscarriage of justice.

**18 U.S.C.S. 3006 A (g), Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir.) Cert. denied, 444 U.S. 846, 100 S.Ct. 93, 62 L. ed 2d 60 (1979) This court held: "Counsel must be appointed for an indigent Federal Habeas petitioner when the INTEREST OF JUSTICE or DUE PROCESS so require.**

9. William E. Donaldson Correctional Facility has no other inmate trained in law that works in the law library. I **Eli Crawford** am preparing this motion on Fergerson's behalf and am being assisted in the typing of this motion from a family member. I cannot assist inmate Fergerson in pursuing his cause of action. See **Appendix 1 (Affidavit)**

10. Fergerson cannot pursue this action without the appointment of counsel. He cannot litigate his claims not only due to his limited reading ability, but more so due to the inadequate law library at this facility that would further prejudice him by placing restraint upon him **BEYOND HIS ILLITERATECY**. See **Appendix 1 (affidavit)**

### Bound v. Smith 430 U.S. 817, (1977)

The United States Supreme Court held that the fundamental federal constitutional right of access to the courts required prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing the inmate with adequate law libraries or adequate assistance from persons trained in the law.

11. Fergerson is without assistance from any one trained in law and in a prison who's law library is inadequate. The question poses to this court is: **"would the interest of justice and due process be best served by appointing counsel to inmate Fergerson who suffers from mental retardation and/or illiteracy and is plagued with an inadequate law library and no one trained in law that works in the law library?**

12. Fergerson's issues presently pending before this court do have merit and warrant relief. **See Attorney General's Opinion in which Troy King stated in his brief filed to the Alabama court of**

2

**Criminal Appeals; Appeal brief dated May 1, 2006 [Exhibit Rx-6],** regarding the issues now before this court, **Troy King stated "For the foregoing reasons, this cause is due to be remanded back to the Circuit Court for that court to address the merits of Fergerson's claims and/or for any such other relief as this court deems he is due. id at pg. 35.**

**13.** Fergerson is unable to afford counsel and would like the office of the public defender or other counsel to be appointed to effectively and concisely litigate the issues presented and for such and further relief as the nature of this cause may require.

## CONCLUSION

For the foregoing reasons, Fergerson requests that this court set the matter down for an evidentiary hearing and/or give him the requested relief.

**Respectfully Submitted,**

_Gregory M. Fergerson_
Gregory M. Fergerson

### Affidavit

I, **HEREBY CERTIFY** that the above stated matters in this motion for appointment of counsel are true and correct to the best of my information, knowledge and belief.

_Gregory M. Fergerson_              _Eli Crawford_
Gregory M. Fergerson (prepared by Eli Crawford #218790)

### PROOF OF SERVICE

I hereby certify that a copy of this motion for appointment of counsel has been serve on the respondents by placing same in the prison mailbox, first class postage prepaid and thusly addressed this 2nd day of March, 2008.

Troy King, Atty. General
State of Alabama
11 South Union St.
Montgomery, Ala. 36130

3

Gregory Montae Fergerson 231286
100 Warrior Lane 01-3B
Bessemer, Ala. 35023

BIRMINGHAM AL 352

03 MAR 2008 PM 6 T

"LET US DARE TO
THINK, SPEAK A
John Adams, 1765
power of the

(Legal Mail)

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Ala. 36101-0711

3610150711 B007

Gregory M. Fergerson #231286
100 Warrior lane O-Dorm
Bessemer, Ala. 35023-7228

(APPENDIX ONE)
(ATTACH TO APPOINTMENT OF COUNSEL MOTION)

# (AFFADIVIT)

I, Eli Crawford, solemnly swear that the set of facts stated herein are recited to me from Gregory M. Fergerson are true and correct to the best of my ability, information and belief. I Eli Crawford write this affidavit on Gregory M. Fergerson's behalf due to his inability to understand Basic English and low level of reading. Mr. Fergerson is asking the court to appoint counsel at this stage "**in the interest of justice**" and "**Due Process**" pursuant to 3006(A).

The person who was litigating Mr. Fergerson's cause of Action brought forth in the lower court by Rule 32 Petition and this court by Habeas Corpus Petition have transferred to "**Childersburg correctional facility** " to work in their law library. Mr. William Keith Robey was transferred about six months ago leaving
Mr. Fergerson without any help. Mr. Robey was in fact the only law clerk here at William E. Donaldson Correctional facility trained in law. William E. Donaldson does not have any special services that Mr. Fergerson is in need of in light of his illiteracy to avoid dismissal of his case. Mr. Fergerson is trying to help him self by taking basic education classes, but is still unable to comprehend the complex laws of this court or any court for that matter. William E. Donaldson law library is inadequate in that it doesn't supply paper or pencils.

The computer system it now has only have 11th Circuit cases and no sister circuits or other circuits that might be useful in his litigation as persuasive law. There is no printer to print out the case and only a 30-minute time frame for computer use. All cases useful would have to be hand written out and depending on the number of pages in the case is a major problem.

Mr. Fergerson's law library days are Monday and Thursday from 5:00pm to 10:00Pm. Alabama Dept. of Correction SOP manual on the subject of the law library state one must be given 20 hours a week which is not being complied with at this facility which only gives him 10 hours.
The two days a week and the schedule time allowed are issues that must be weight against interruption due to security reasons.
Fergerson is in a maximum security prison that house 1700 inmate with a law library that hold 10 inmates. Once the law library reach 10 inmates an announcement is made over the loud speaker (officers radios) that the law library is full, no more inmates are to be sent to the law library.
The United States Supreme Court spoke on the issue of illiteracy and inadequate law library in **Lewis v. Casey (1996), 518 US 343, 135 L. Ed 2d 606, 116 S.Ct. 2174 id at pg 615**. "Shortcomings particularly affected by the system's inadequacies: Illiterate inmates, who do not receive adequate legal assistance were entitled to "direct assistance" from lawyers, paralegals, or "a sufficient number of at least minimally trained prisoner legal assistance.

**Mr. Robey** was being assisted from the free world by a friend who is a paralegal in litigating Mr. Fergerson's claims.

Mr. Fergerson's claims presented to this court all surround the fact of his mental retardation at the time of the incident, trial and guilty plea. It furthermore has to do with his counsel being ineffective

1

and court not informing him of the charge to-wit he pled guilty to, to understand the severity of his plea. **See Petitioner's reply filed December 2, 2006.** The issues as well as the underlying constitutional grounds presently pending before this court for over a year and a half and the complex laws involve with a habeas corpus petition are very complexes issues that are extremely beyond Fergerson's capability of understanding and comprehension. The issues presented do have merit, but are undeveloped due to the state court failing to render an evidentiary hearing.

It is to be noted that the Attorney General for the state of Alabama **Troy King stated in his brief filed to the Alabama court of Criminal Appeals; Appeal brief dated May 1, 2006 [Exhibit Rx-6],** regarding the issues now before this court, **Troy King stated "For the foregoing reasons, this cause is due to be remanded back to the Circuit Court for that court to address the merits of Fergerson's claims and/or for any such other relief as this court deems he is due. id at pg. 35.** This court must take this fact presented by Troy King into consideration and afford Fergerson the probative value or weight of the Attorney General's assessment of the claims.

 Fergerson's illiteracy prevent him from being able to research, file, or litigate the claim further to avoid dismissal of his case. An illiterate inmate would not receive adequate legal assistance by any of the law clerks presently working in the law library here at William E. Donaldson, as they are not trained in law. They work in the law library merely because they are cool with the officer over it. Inmate Robey was being assisted by a friend on the outside who is a license paralegal. This assistance cannot be provided by any one working here in the law library.

 Fergerson was in fact a special education student throughout his years of schooling which ended at grade 12th. The following schools were attended by Fergerson and furthermore counsel is needed to assist in obtaining thoughts records to ascertan facts that would prove Fergerson did not understand the charges to-wit he was pleading guilty or the constitutional rights being waived in direct violation of **Boykins v. Alabama 23 L. Ed 2d 274, 89 S. Ct. 1709, 395 US 238.**

 Criminal Law Section 59 - Guilty Plea - Voluntariness (because a guilty plea is an admission of all elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.) The colloquy shows that defendant was not informed of the elements of each individual charge, nor how his action made the bases of those charges.

### Schools attended as a special ed. student

- Morris Ave. Elementary grades 3rd through 5th
- Opelika Middle School grades 6th through 8th
- Opelika High School grades 9th Through 12th
- Stop going to school in the twelfth grade

 Counsel being appointed would be in the **interest of justice** and **due process** thus allowing Fergerson means in which to effectively respond to the state or this court in a timely fashion. The question presented in this affidavit is:

***"Would the interest of justice and due process be best served by appointing counsel to a litigant who suffers from an illiteracy and his claims having merit?***

2

I Eli Crawford, is not trained in law and is unable to help Fergerson due to working on my own case and being on the list to be transferred to another correctional facility.

I Gregory Montae Fergerson swear that inmate Crawford have read the content of this affidavit to me.

**I Gregory Montae Fergerson affix my signature to the facts stated herein as they are true and correct to the best of my ability, understanding and belief.**

executed on ___MARCH___ 2008        ___Gregory M. Fergerson___
                                    Gregory Montae Fergerson

SWORN TO AND SUBSCRIBED before me this __2nd__ day of __March__ 2008

SGT W Peterson                     My Commission Expires 10-20-2008
___NOTARY___                       ___COMMISSION EXPIRES___

3